## STATE OF MISSOURI, Respondent, v. A. E. KROKSTON, Appellant.

### Kansas City Court of Appeals, February 1, 1915.

1. **CRIMINAL LAW: Selling Diseased Hog: Evidence: Jury Question.** Upon a prosecution for selling a hog diseased with cholera, without disclosing such fact to the purchaser in violation of Sec. 4864, R. S. Mo. 1909, where the evidence showed that at the time of the sale the hogs were not in a healthy condition, that shortly after the sale a large number of them died with the cholera, that hogs belonging to defendant had died before the sale and evidence existed showing an effort and intention on defendant's part to sell his hogs before any more of them died, and that he assured the purchaser the hogs were perfectly healthy and accounted for their ill appearance by referring it to other causes, all these circumstances made it

a question for the jury to say whether the hogs were sold in violation of the statutes.

2. ———: ———: **Guilty Knowledge.** Guilty knowledge is a state of the mind and frequently it is impossible to prove it except as a reasonable inference to be drawn from all the facts.

3. ———: ———: **Instructions.** The fact that the State's instruction submitting the question of defendant's guilt omitted the question whether or not defendant disclosed to the purchaser that the hogs had cholera would be a fatal defect were it not for the fact that defendant admitted no disclosure was made.

4. ———: ———: **Disclosure to Purchaser: Warranty.** Disclosure is not the same as notice. If the hogs had cholera and the defendant knew it the statute requires him to disclose that fact to the purchaser. And if the purchaser is not aware of it, the fact that there were circumstances which caused him to make inquiry, does not relieve the vendor of the obligation to disclose. Nor does the fact that he gave a warranty as to their heatlh constitute a defense.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*Claude Wilkerson* and *Edwin S. McCary* for appellant.

*W. D. O'Bannon* and *Paul Barnett* for respondent.

TRIMBLE, J.—The defendant was convicted and fined $200 in a prosecution wherein he was charged with having unlawfully, wilfully, and knowingly sold to E. A. Bennett a diseased hog affected with hog cholera, without disclosing to the purchaser the fact that such hog was so diseased, in violation of section 4864, Revised Statutes 1909, which makes such an act a misdemeanor. Being unable to get a new trial at the hands of the court, he has brought the case here on appeal.

There was ample evidence to justify the trial court in submitting the case to the jury. The State's evidence tended to show that defendant sold hogs to said Bennett; that they were afflicted with cholera at the time of such sale, that defendant knew they were so afflicted and that he did not disclose to the said purchaser the fact that they were so diseased.

We do not agree with appellant in his contention that the evidence is insufficient to warrant the jury in finding that he knew the hogs were affected with cholera. Undoubtedly the hogs were not in a healthy condition when sold. There was ample evidence to show that this was cholera, and shortly after the sale a large number of the hogs died, and a post-mortem examination showed the disease was cholera. Death had visited defendant's hogs before the sale. There was evidence that defendant had told a neighbor one of his hogs had died and he thought he had better sell them before any more died as he did not want to lose his hogs and corn too. There was also evidence that defendant had made attempts elsewhere to sell the hogs, and when Bennett indicated that Wednesday would suit him to take the hogs, defendant suggested and succeeded in having the sale consummated a day earlier. It is true, defendant gives a good reason for hurrying the sale and a lack of corn as his reason for selling at all, but the jury had a right to judge of the motive back of all his actions. All of the foregoing facts together with the further fact that defendant, when asked about the condition of the hogs at the time of the sale, said they were perfectly healthy; and, at the time of their delivery, attempted to account for the ill appearance of some of them by ascribing it in one case to the attack of a dog and in another to the fact that a cow had trod on the hog, were sufficient to justify the jury in finding that defendant knew at the time of the sale his hogs were affected with cholera. Guilty knowledge does not have to be established by affirmative evidence

expressly stating that fact. It may be inferred from other facts shown, provided it can reasonably and clearly be seen to follow therefrom according to the natural, usual, and ordinary experience of men. In such case, the jury can infer knowledge on the part of defendant. Guilty knowledge is a state of the mind and frequently it is impossible to prove it except as a reasonable inference to be drawn from all the facts proved.

State's instruction number 1 properly submitted to the jury the evidence as to every fact necessary to constitute the crime except the question whether or not the defendant disclosed to the purchaser that the hogs had cholera. This would be a fatal defect were it not for the fact that defendant admitted no disclosure was made. Not only that, but his whole theory of defense was that the hogs did not have cholera, and, that if they did, he did not know it. While it is true that an instruction in a criminal case must submit every issuable fact essential to the State's case, yet the fact of disclosure or no disclosure was no longer an issue in the case when the defendant admitted no disclosure was made and his entire defense was based upon a theory which presupposed that fact. The case of State v. McBrown, 238 Mo. 495, is not in point here, because in that case, as stated by the court on page 501, the defendant at no time admitted the fact. His counsel did admit it in presenting the case to the Supreme Court, but this was not the defendant's admission and hence did not cure the defect. In the case at bar, however, the defendant himself admitted he made no disclosure and based his defense upon a state of facts which, if true, necessarily showed that no disclosure was made.

It is next urged that the purchaser, Bennett, had knowledge of sufficient facts to have put a reasonable man upon his guard and, if he knew as much about the condition of the hogs as defendant, this relieved the

latter of the obligation to disclose. In the first place, the evidence does not show that the purchaser was in a position to know as much about the hogs as the owner. In the next place, the objection here considered confounds the duty to "disclose" under the statute with "notice" in civil cases. The word "disclose" in the statute is not synonymous with "notice." To disclose is "to bring into view by uncovering; to lay bare; to reveal to knowledge; free from secrecy or ignorance; make known." [New Standard Dictionary.] In this case, the evidence tends to show that instead of disclosing, or uncovering, or laying bare, the facts showing cholera, the defendant covered them up by saying the hogs were healthy and guaranteeing them to be so, and also by attributing their ill appearance to accidental hurts and other causes having no relation to or connection with disease. And the evidence shows that the appearance of the hogs at the time of the sale was not such as to disclose to the purchaser that they had cholera. The fact that the purchaser inquired as to cholera and that the defendant warranted them to be free therefrom did not absolve defendant from the duty of disclosure put upon him by the statute. So far from these facts constituting a defense as defendant contends, they tend to demonstrate his guilt if the hogs had cholera and he knew it.

The only feature of the case resting upon circumstantial evidence is as to the defendant's knowledge that the hogs had cholera, and that does not rest entirely on such evidence. But even if the case be one of circumstantial evidence, we cannot say the defendant's conviction violates the rule, well established in such cases, that in order to justify a verdict of guilty the facts and circumstances must be consistent with each other and with the guilt of defendant and inconsistent with any reasonable theory of his innocence.

The jury have found the defendant guilty. There was ample evidence to sustain the verdict if believed

by them, and no reversible error appears in the case. The judgment must, therefore, be affirmed.    So ordered.  All concur.