## No. 25445

In Re Interrogatory of the House of Representatives, presented by House Joint Resolution No. 1011, Second Session of the Forty-Eighth General Assembly
(493 P.2d 346)

Decided February 1, 1972.

216

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding initiated pursuant to Article VI, Section 3 of the Constitution of the State of Colorado. The House of Representatives of the Forty-eighth General Assembly with the concurrence of the Senate has by House Joint Resolution No. 1011 requested the opinion of this Court concerning the constitutionality of Senate Bill No. 18 with reference to a narrow and limited question pertaining

to apportionment of the members of the General Assembly. The question submitted is as follows:

"Does the placement of the enclaves of Glendale and Holly Hills as provided in section 1 of Senate Bill No. 18 violate the provisions of article V, section 47, of the Constitution of the State of Colorado?"

We answer this question in the affirmative.

Article V, Section 46 of the Constitution of the State of Colorado is the constitutional mandate on the General Assembly to divide the State into senatorial and representative districts, and provides that each district in each house shall have a ". . . population as nearly equal as may be, as required by the constitution of the United States."

Section 47, likewise, is a constitutional mandate on the General Assembly. It requires that the task of periodic reapportionment be accomplished in accordance with definite, clear cut and fully understandable standards. It is our view that under this section the prime requisites in establishing the district boundaries are compactness and contiguity. Specifically, it is required that "[E]ach district shall be as compact in area as possible and shall consist of contiguous whole general election precincts."

To include enclaves in a district gives the appearance of defiance to the requirement of compactness. More important, however, the inclusion of enclaves in a district is in direct violation of the requirement that the districts shall be contiguous whole precincts. The constitutional standard of contiguity has thus been ignored.

It it our view that Section 47 with clarity and preciseness states that the initial considerations in reapportionment shall be compactness and contiguity. When the wording of a constitutional provision is not overburdened with confusion or ambiguity, efforts to apply various rules of construction to obtain a different meaning are without justification. *Colorado State Civil Service Emp. Ass'n v. Love,* 167 Colo. 436, 448 P.2d 624.

Section 47 also provides the means by which the General Assembly may achieve the equal population requirements of

Section 46. This provision takes on more of the quality of an authorization than a standard. This authorization was added to Section 47 by amendment on November 8, 1966. Prior thereto, county lines could not be crossed for any purpose in establishing senatorial and representative districts.

 Senate District No. 21 by including within its territory the enclaves of Glendale and Holly Hills is neither *compact* nor does it consist of *contiguous* precincts. In this respect, it is an unconstitutionally established senatorial district.

MR. JUSTICE GROVES and MR. JUSTICE LEE dissenting.

MR. JUSTICE LEE dissenting:

I respectfully dissent.

In my view the interrogatory should be answered, "No."

Article V, Section 47 of the Constitution of the State of Colorado provides:

"Each district shall be as compact in area as possible and shall consist of contiguous whole general election precincts. Districts of the same house shall not overlap. *Except* when declared by the general assembly to be necessary to meet the equal population requirements of section 46, no part of one county shall be added to all or part of another county in forming districts. When county boundaries are changed, adjustments, if any, in legislative districts, shall be as prescribed by law." (Emphasis added.)

The separate enclaves of Glendale and Holly Hills are part of Arapahoe County. Both are entirely surrounded by the territory of the City and County of Denver. Senate Bill No. 18 places them in Senate District No. 21 which embraces mostly Arapahoe County territory.

It is my belief that the third sentence of Section 47 which commences with the word "Except" is controlling over the first sentence of Section 47.

I am authorized to say that MR. JUSTICE GROVES joins in this dissent.