**No. 26696**

**The Associated Students of the University of Colorado; the University of Colorado Faculty Federation, Local 1433, A.F.T.; Patricia G. Price and John Jess Vigil, Individually and as Tri-Executives of the Associated Students of the University of Colorado; Howard D. Snyder, Individually, and as President of the University of Colorado Faculty Federation; James Frank, Debbie Pellini, Marc J. Stern and Deborah A. Palmineri v. The Regents of the University of Colorado: Richard J. Bernick, Dr. Gerry Bean, Fred M. Betz, Sr., Byron L. Johnson, Eric W. Schmidt, Louis F. Bein, Jack Kent Anderson, Thomas S. Moon and J. R. Carrigan**

(543 P.2d 59)

Decided November 17, 1975.                    Rehearing denied December 22, 1975.

Bisbee, Geil & Kezer, John Kezer, Harold A. Haddon, for plaintiffs-appellees.

John P. Holloway, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal involves a determination of the applicability of the Open Meetings Law[1] of the Colorado Sunshine Act of 1972 to the Board of Regents of the University of Colorado.

An action for injunctive relief was brought by a group of university students and faculty members to prohibit the Regents from entering into executive sessions (closed to the public) pursuant to an amendment to Laws of the Regents, Art. II, Sec. 7(B), which, in relevant part, states as follows:

"If a majority of the Regents present so elect, the Board may enter into executive session, closed to the public, to consider bids, contract proposals, acquisition or sale of property, investments, appointments and other personnel matters, attorney-client communications, and any other similar matter which, if discussed in public, could adversely affect or compromise University rights or liabilities, provided, however, that no final

---

[1]Colo. Sess. Laws 1973, ch. 456, 3-37-401 and 3-37-402 at 1666; now sections 24-6-401 and 24-6-402, C.R.S. 1973.

policy decision or formal action shall be taken, nor shall any resolution, rule, or regulation be adopted, nor shall any action be taken approving a contract or calling for the payment of money at any session which is closed to the general public. The Secretary of the Board shall maintain topical minutes of any executive session."

This amendment was adopted subsequent to the enactment by initiation of the Sunshine Act, which, in relevant part, provides:

"3-37-401. *Declaration.* It is hereby declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.

"3-37-402. *Meetings—Open—Procedure.* (1)(a) All meetings of two or more members of any board, committee, commission, or other policy-making or rule-making body of any state agency or authority or of the legislature at which any public business is discussed, or at which any formal action is taken by such board, committee, commission, or other policy-making or rule-making body, are declared to be public meetings open to the public at all times, except as may be otherwise provided in the constitution."

Both sides, respectively, filed motions and cross motions for summary judgment; and following oral argument, the trial court ruled that the Regents are permanently enjoined from excluding members of the public from their meetings, except at such times that information is exchanged to which the attorney-client privilege applies.

The Regents challenge that ruling; and for reasons stated below, we reverse.

■ The Regents comprise the governing board of the University of Colorado (hereinafter "the university"). They are a constitutional body corporate created by *Colo. Const.* Art. IX, Sec. 12. Prior to the 1972 constitutional amendments to *Colo. Const.* Arts. VIII and IX, Art. IX, Sec. 14 provided as follows:

"*Control of university.* The board of regents shall have the general supervision of the university, and the exclusive control and direction of all funds of, and appropriations to, the university."[2]

■ Employing the exact wording contained in that Article but adding "unless otherwise provided by law," Art. VIII, Sec. 5(2) was amended in November 1972 to grant to all governing boards of state educational institutions (including the Regents) ". . . the general supervision of their respective institutions and the exclusive control and direction of all funds . . . unless otherwise provided by law." Such language of control grants broad discretion to the Regents as a governing board. *(See Burnside v. Regents,* 100 Colo. 33, 64 P.2d 1271 (1937) re right to operate buses exempt from general Public Utilities Law.)

The language of this provision, as applied to the Regents, is repeated in C.R.S. 1963, 124-2-10 (now section 23-20-111, C.R.S. 1973). The Regents, further, are directed by 1971 Perm. Supp., C.R.S. 1963, 124-2-11

---

[2]This section was repealed by the amendment in 1972.

(now section 23-20-112, C.R.S. 1973) to ". . . enact laws for the government of the university." Laws of the Regents, Art. II, Sec. 7(B) was enacted in accordance with powers afforded by these provisions.

■ These are special provisions, conferring upon the Regents specific and particular powers. As the trial court correctly concluded, the Sunshine Act is a general law. General legislation does not repeal conflicting special statutory or constitutional provisions unless the intent to do so is clear and unmistakable. *People v. Burke*, 185 Colo. 19, 521 P.2d 783 (1974); *Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961).

■ The students and faculty, as appellees, contend that under the ". . . unless otherwise provided by law" language in Sec. 5(2), any law, whether general or specific, is applicable to and effective against the Regents. We disagree. This phrase operates so that any qualification of the constitutional grant is to be construed as divesting the supervision and control granted only when a legislative enactment *expressly* so provides. Implied repeals are thereby intended to be guarded against. *Lau Ow Bew v. United States*, 144 U.S. 47, 12 S.Ct. 517, 36 L.E. 340 (1892). The phrase refers to the provisions of particular and special applicable laws. *See Crosby v. Dixie Metal Company*, 124 Ga.App. 169, 183 S.E.2d 59 (1971); *Rosebraugh v. State Social Security Commission*, 196 S.W.2d 27 (Mo.App. 1946).

■ The trial court issued conflicting rulings in this case. One ruling properly, we perceive, was that the Sunshine Act cannot and does not repeal by implication the statute concerning the attorney-client evidentiary privilege. C.R.S. 1963, 154-1-7(3) (now section 13-90-107(1)(b), C.R.S. 1973). Thus the provision concerning executive sessions involving "attorney-client communications" in the Laws of the Regents was upheld.

■ The court, however, erroneously failed to extend this same principle to the balance or to give effect to the special constitutional and statutory authority by which the Regents are empowered to supervise the University. The trial court limited its application of this principle after reaching the conclusion, which we find wholly untenable, that the Sunshine Act ". . . does not limit or infringe on the constitutional and statutory provisions governing the Board of Regents."

The court's interpretation of the applicability of the Sunshine Act if upheld would invalidate a law which the Regents are duly authorized to enact; and clearly this does, indeed, both limit and infringe upon the Regents' authority to govern the university. In order to reach such a result, the Sunshine Act would have to repeal both Art. VIII, Sec. 5(2) and section 124-2-11. As we noted above, such a repeal would have to be express; and the Act contains no such language.

■ In summary, we hold the specially granted authority of the Regents to govern the university and enact laws pursuant to that end can only be nullified by a legislative enactment (or constitutional amendment) expressly aimed at doing so.

Accordingly, the judgment of the trial court is reversed.

MR. CHIEF JUSTICE PRINGLE does not participate.