Trustees of the State Colleges in Colorado 221 State Services Building Denver, Colorado 80203
Attention: Samuel G. Gates, Executive Director
Dear Trustees:
This letter is in reply to your request of January 16, 1976, for the opinion of this office as to the authority of the Department of Personnel to convert exempt (professional) positions to classified positions within the state personnel system.
QUESTION PRESENTED AND CONCLUSION
Does the Department of Personnel have the authority to convert exempt (professional) positions to classified positions within the state personnel system?
 My conclusion is that, under Colorado law, the state personnel director is authorized to determine which positions at institutions of higher education are exempt from the state personnel system. This authority prevails over determinations made by governing boards.
ANALYSIS
You note that on May 16, 1975, the Trustees of the State Colleges in Colorado, upon recommendation of the several institutions under their jurisdiction, took formal action to designate certain positions as professional and exempt from classified service, and you ask whether the constitutional and statutory authority of the Board of Trustees prevails in this instance over the authority of the Department of Personnel.
Article XII, section 13 of the Colorado Constitution provides that the personnel system shall comprise all appointive state officers and employees except, inter alia,
 faculty members of educational institutions . . . and such administrators thereof as may be exempt by law . . .
The constitutional authority of the institutions and governing boards of higher education under Colorado Constitution ArticleVIII, section 5, is subject to qualification by statutes specifically or specially made applicable to them.Associated Students of the University of Colorado, etal. v. Regents, 189 Colo. 482, 543 P.2d 59
(Colo. 1975).
Under both of these constitutional provisions, a statute concerning personnel system classification and addressed specifically to the institutions of higher education is binding upon those institutions and their governing boards.
Colorado Revised Statutes section 24-50-135 is such a statute. It is clear from the terms of section 24-50-135 that higher educational institutions were intended to be included in this statute. The terminology employed throughout the section is peculiarly appropriate to higher educational institutions; there are few state educational institutions other than the institutions of higher education, and those few are specialized schools such as the school for the deaf and blind; and section24-50-135(1)(f) does refer specifically to "higher" education. Therefore, section 24-50-135 is binding upon state institutions of higher education and their governing boards notwithstanding Article VIII, section 5, of the Colorado Constitution.
Subsection (2) of section 24-50-135 makes it the function of the state personnel director to determine which administrative positions are exempt from the state personnel system. This determination is to be made in consultation with the appropriate officers of the institutions or governing boards affected, but the determination is to be made by the state personnel director.
The statute does provide that the director's determination is to be made under the definitions prescribed by the statute; and it also provides that the determination of the state personnel director is subject to an appeal to the State Personnel Board.
Personnel classification matters involve considerations within the knowledge and expertise of administrators, but do not normally involve questions on which legal advice is essential. For this reason, and in order to minimize potential conflicts of interest inasmuch as we are bound to represent the state personnel director as well, this office has adopted the policy of not participating on behalf of institutions in personnel classification matters. We do, of course, participate on behalf of the governing boards and institutions of higher education in proceedings before the State Personnel Board involving matters other than classification.
SUMMARY
Under Colorado law, the state personnel director is authorized to determine which positions at institutions of higher education are exempt from the state personnel system. This authority prevails over determinations made by governing boards.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION, HIGHER EMPLOYEES, PUBLIC
C.R.S. 1973, 24-50-135
Colo. Const. art. XII, § 13
Colo. Const. art. VIII, § 5
HIGHER EDUCATION, DEPT. OF Trustees of State Colleges
Under Colorado law, the state personnel director is authorized to determine which positions at institutions of higher education are exempt from the state personnel system. This authority prevails over determinations made by governing boards.