Thomas H. Sheehan, Jr. Director, Department of Administration 724 State Services Building Denver, Colorado 80203
Dear Mr. Sheehan:
QUESTION PRESENTED AND CONCLUSION
You have asked for my opinion on the following question:
Can the Central Services Microfilm Unit of the Department of Administration ("Administration") microfilm documents which are covered by C.R.S. 1973, 39-21-113?
My conclusion is "no."
ANALYSIS
The aforementioned statute provides in relevant part as follows:
 (4)(a) Except in accordance with judicial order or as otherwise provided by law, the executive director of the department of revenue, and his agents, clerks and employees shall not divulge or make known in any way any information . . . disclosed in any document, report, or return filed in connection with any of the taxes covered by this article . . . .
C.R.S. 1973, 39-21-113(6) states that any violation of section 113(4)(a) is a misdemeanor. The statute does contain certain narrow exceptions. For example, section 113(5) allows the publication of statistics. Section 113(7) allows the Director of Revenue to give tax information to county assessors, other state tax administrators and the Commissioner of Internal Revenue.
There is abundant case law authority for the proposition that such statutes must be strictly construed in order that their purpose, to facilitate honest reporting by restricting access to returns, will be effectuated. Thus, the California Supreme Court construed the analogous California law in Webb v. StandardOil Company of California, 319 P.2d 621 (1957), as follows:
 The wording of the quoted sections discloses an intent to preserve the secrecy of the returns except in the few situations which are expressly noted.
. . .
 The purpose of the amended statutory provisions prohibiting disclosure is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes.
In construing the analogous Ohio statute, the Ohio Court of Appeals ruled that a strict statutory construction must be used and that the Tax Commissioner must treat tax information as strictly confidential. Collins v. Ferguson,48 Ohio App.2d 255 (1976, cert. denied, Supreme Court of Ohio September 24, 1976).
Also see State ex rel. Thiesman v. Dooley, 526 P.2d 563
(Or. 1974); Cooper v. Hallgarten Co.,34 F.R.D. 482 (S.D.N.Y. 1974); United States v.Sheriff, City of New York, 330 F.2d 100 (2d Cir. 1964);Ullman v. Hartford Insurance Co.,209 A.2d 651 (1964); Tomlin v. Taylor, 162 S.W.2d 210 (Ky.App. 1942).
As noted above, the statute says that the Executive Director, his agents, clerks and employees shall not divulge or make known in any way any information disclosed in any return filed under the tax law. Administration employees are not "agents, clerks and employees" of the Department of Revenue. It can be argued, however, that allowing employees of the Department of Administration to microfilm the returns would not be divulging or making known in any way the contents thereof. The commonly accepted meaning of the word "divulge" is to disclose, to bring into view by uncovering, to lay bare, to reveal to knowledge, to free from secrecy or make known, State v. Krokston,172 S.W. 1156 (Mo. 1915). A strict construction would require that the provision be interpreted to exclude anyone but the director and his agents, employees and clerks from having access to tax documents.
The recent case of Collins v. Ferguson,supra, involved a demand for access to tax returns by the Ohio State Auditor, which was resisted by the Ohio Tax Commissioner. Under the Auditor's statute, the Auditor was responsible for a continuing audit of all state departments. The Ohio court construed a statute similar to C.R.S. 1973, 39-21-113. Under the Ohio statute access to tax returns was limited to the Tax Commissioner and his staff. The Commissioner was permitted to release this information upon showing of an official purpose. In an action to compel production of returns, the Auditor argued that his duty to audit state agencies was an "official purpose" giving him access to tax returns. The court of appeals held that the Auditor could not have access to the returns. The court stressed that the income tax law involved questions of personal privacy which required strict statutory construction. A strict construction of the statute restricted access to the Commissioner and his staff. Also see Brackett v. Comm.,111 N.E. 1036 (Mass. 1916).
Because of the criminal sanctions involved, and because of the referenced rule of statutory construction, this section should be interpreted to restrict access to Revenue employees, unless the "otherwise provided by law" proviso of that statute applies. You rely on C.R.S. 1973, 24-30-102(8)(a), which reads as follows:
 The executive director of the department of administration is hereby authorized to establish, maintain and operate centralized services for the use of other state agencies and political subdivisions. The centralized services shall include storeroom, reproduction shop, copier, graphic art, form, mail and messenger service, computer output microfilm, automobile and aircraft pool and other similar centralized services.
The type of microfilming at issue here is not computer output microfilm but microfilming of tax source documents. There is no explicit authority for the microfilming by the Department of Administration of tax source documents. There is only authority for the Department of Administration to provide "other similar centralized services." This general authority is insufficient to override the specific mandate limiting access to tax documents to Revenue personnel found in C.R.S. 1973, 39-21-113. In this State, specific provisions prevail over general C.R.S. 1973,2-4-205. Also, the later statute, C.R.S. 1973, 24-30-102(8)(a), did not repeal the earlier statute, C.R.S. 1973, 24-30-102(8)(a). General legislation does not repeal conflicting special statutory provisions unless the intent to do so is clear and unmistakable.People v. Burke, 185 Colo. 19, 521 P.2d 783 (1974);Denver v. Rinker, 148 Colo. 441, 366 P.2d 548 (1961);Associated Students of University of Colorado v.Regents of University, 189 Colo. 482, 543 P.2d 59 (1975).
Therefore, the "unless otherwise provided by law" exception to Revenue's exclusive access to tax documents is not met by C.R.S. 1973, 24-30-102(8)(a).
Reliance on an Executive Order dated February 17, 1976 is misplaced for similar reasons. It is doubtful whether the Executive Order gives Administration the authority to perform microfilming of tax source documents. Even if it did, the Executive Order could not repeal the express provisions of C.R.S. 1973, 39-21-113 which limits access to the Department of Revenue.
Consideration of federal tax law also precludes Administration's microfilming of documents. Revenue and the Internal Revenue Service have entered into an Exchange of Information Agreement. Revenue is furnished with information showing adjustments made by Colorado residents in their federal returns. Upon request, designated officials in Revenue can obtain individual federal tax returns. Revenue would be abrogating the Exchange of Information Agreement if it permitted Administration to microfilm federal tax documents. The guidelines which Revenue is governed by read, in relevant part as follows:
 Access by nontax employees of the state such as e.g., personnel from the state auditor general's office, may be permitted by some state disclosure statutes and administrative procedures. The Internal Revenue Code and Regulations clearly provide that federal tax information shall be furnished to the states only to designated state tax personnel.
The Internal Revenue Service can share this material only with the state agency charged with administration of the state tax law, Internal Revenue Code of 1954 ("IRC") section 6103(c). It would be a felony violation for the Director to divulge or disclose this information to anyone outside his Department; IRC section 7213(a)(2).
A counterargument could be made that the statute prohibits disclosure of tax information outside of state government only. The presence of criminal penalties, the requirement of strict construction and federal law persuade me that this argument would be incorrect.
SUMMARY
For the reasons given above, it is my opinion that Administration cannot microfilm "prohibited access" documents.
Very truly yours,
 J.D. MacFARLANE Attorney General
PRIVILEGED INFORMATION TAXATION AND REVENUE OPEN RECORDS
C.R.S. 1973, 39-21-113
C.R.S. 1973, 24-30-102(8)(a)
REVENUE, DEPT. OF ADMINISTRATION, DEPT. OF Central Services
Confidentiality statute pertaining to tax records restricts access to department of revenue employees except as otherwise provided by law and precludes department of administration employees from microfilming tax source documents.