Mr. Robert Scott State Auditor Room 601 1200 Lincoln Street Denver, Colorado 80203
Dear Mr. Scott:
You have inquired "whether the fiscal rules established by the controller under C.R.S. 1973, 24-30-202 and such other fiscal rules as have been established apply to the University of Colorado."
QUESTION PRESENTED AND CONCLUSION
Do the fiscal rules established by the controller under C.R.S. 1973, 24-30-202 and such other fiscal rules as have been established apply to the University of Colorado?
My answer is "no."
ANALYSIS
The constitution vests the regents, and other governing boards of institutions of higher education, with great authority as stated in article VIII, section 5(2):
 The governing boards of the state institutions of higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, unless otherwise provided by law.
(Emphasis added.)
The controller is directed to promulgate fiscal rules relating to financial administration which are binding on "the several departments, institutions, and other agencies of the state," C.R.S. 1973, 24-30-202(13). The controller is also directed to make uniform fiscal rules controlling the types of perquisites which may be allowed state employees "in the executive branch of government, including employees in the institutions of higher education," C.R.S. 1973, 24-30-202(22). Also see C.R.S. 1973,23-1-109(1)(a), which directs the Commission on Higher Education to recommend to the controller fiscal rules "which recognize the distinct nature and problems" of institutions of higher education. These three statutes indicate the broad applicability of the fiscal rules intended by the general assembly.
However, when narrowly analyzing the applicability of the fiscal rules to the University of Colorado, the intention of the general assembly becomes blurred.
Rather than "otherwise provid/ing/ by law" and specifically amending or limiting the exclusive control vested in the regents by article VIII, section 5(2), the general assembly has left unamended C.R.S. 1973, 23-20-111, which expressly grants the regents that exclusive control:
 The board of regents has general supervision of the university and exclusive control and direction of all funds of and appropriations to the university.
This statute is specific and clear, and pertains only to the regents and the University of Colorado. Being specific, it is not repealed or amended by the more general legislation in C.R.S. 1973, 24-30-202(13) and (22), and 23-1-109(1)(a). See,e.g., Associated Students of the University ofColorado v. Regents of the University of Colorado,189 Colo. 482, 543 P.2d 59 (1975).
Therefore, it appears the general assembly did not "clearly and unmistakably" intend to restrict the constitutional and statutory authority of the regents to exercise exclusive control over the funds and appropriations to the University of Colorado by imposing the controller's fiscal rules on their financial administration.
Perhaps the most recent apparent contradiction may be found in this year's Long Bill, S.B. 525. Footnote 85 therein makes it clear that the general assembly intends all of the institutions of higher education, including the University of Colorado, to comply with the fiscal rules. While this is a direct expression of legislative intent, such a footnote cannot amend or repeal substantive legislation, Anderson v. Lamm, 195 Colo. 437,579 P.2d 620 (1978). In this instance, the footnote would act to amend C.R.S. 1973, 23-20-111, for example.
The general assembly has the express authority to subject the regents at the University of Colorado to the fiscal rules. However, the general assembly has not yet done so in a legally binding manner.
SUMMARY
Therefore, it is my opinion that the fiscal rules do not apply to the University of Colorado. The general assembly needs to clarify this matter and resolve any inconsistencies if it decides the fiscal rules should in fact and in law apply to the University of Colorado.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION, HIGHER FISCAL RULES
C.R.S. 1973, 24-30-202
C.R.S. 1973, 23-1-109(1)(a) C.R.S. 1973, 23-20-111
Colo. Const. art. VIII, § 5(2) Colo. Const. art. VIII, § 5
ADMINISTRATION, DEPT. OF Accounts Control Div. of LEGISLATIVE BRANCH Auditor, Office of State
Fiscal rules do not apply to University of Colorado. General Assembly could make them apply by direct statute.