Dr. Blenda J. Wilson, Executive Director Colorado Commission on Higher Education Colorado Heritage Center 1300 Broadway, 2d Floor Denver, CO 80203
Dear Dr. Wilson:
This opinion letter is in response to your letter of November 1, 1984 in which you asked about the applicability of the Colorado Open Records and Open Meetings Acts to the state institutions of higher education in Colorado.
QUESTION PRESENTED AND CONCLUSION
Do the Colorado Open Meetings Law, sections 24-6-401 to 402, C.R.S. (1982) (hereinafter the Open Meetings Law or Open Meetings Act) and the Colorado Open Records Act, sections 24-72-201 to 206, C.R.S. (1982) (hereinafter the Open Records Act) apply to the state institutions of higher education in the State of Colorado?
 Applicable Colorado Supreme Court precedent requires me to conclude that unless the legislature amends the Opening Meetings and the Open Records Acts to apply expressly to the state institutions of higher education, these institutions are free to adopt their own procedures governing the conduct of their meetings and disclosure of their records to the public. They need not comply with the procedures set forth in the Open Meetings and Open Records Acts.
ANALYSIS
In order to determine whether the Open Meetings or the Open Records Acts apply to the state institutions of higher education in the State of Colorado, it is necessary to analyze article VIII, section 5 of the Colorado Constitution. This section of the constitution was a referred bill from the general assembly adopted in its current form by the electorate in 1972. Prior to the adoption of what is now article VIII, section 5, only the University of Colorado and its governing board, the regents of the University of Colorado (hereinafter the regents) had autonomous status under the Colorado Constitution. Colo. Const. art. IX, § 14 (repealed November 7, 1972, 1972 Colo. Sess. Laws 645); art. VIII, § 5 (amended November 7, 1972, 1972 Colo. Sess. Laws 644); Report to the Colorado General Assembly: Organization of State Government (hereinafter Organization of State Government), at 5.[1] Section 5(1) of article VIII provides in pertinent part that certain specified state institutions, including the University of Colorado, as well as such other institutions so designated by the legislature, are state institutions of higher education. Section 5(2) of article VIII provides the state institutions of higher education with limited autonomy:
 The governing boards of the state institutions of higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, unless otherwise provided by law.
By using the phrase "whether established by this constitution or by law," the intent of article VIII, section 5(2) was to vest all state institutions of higher education with equal autonomy. The history of the adoption of this section makes this intent clear. The legislative committee recommending adoption of this section, in its report to the general assembly, stated that "the committee asserts that each educational institution should be given identical constitutional status." Organization of State Government, supra, at 5. The ballot analysis of this section prepared by the legislative council, at page 8, advised the voters that "this proposal will eliminate the separate set of rules under which the University of Colorado has operated compared to other schools in this state. . . ." Thus, to the extent that the Open Meetings and Open Records Acts do not apply to the University of Colorado and its governing board, the regents, they also do not apply to the other state institutions of higher education in the State of Colorado.
In Associated Students v. Regents of the University ofColorado, 189 Colo. 482, 543 P.2d 59 (1975), the supreme court held that the Open Meetings Act did not prevent the regents from conducting executive sessions pursuant to their own procedures, rather than those set forth in the Open Meetings Act, because that Act was not (and is not) expressly applicable to them. The court, after analyzing section 5(2) of article VIII of the Colorado Constitution, concluded that any nullification of the regents' authority to govern the University of Colorado could only be accomplished by legislative enactment expressly aimed at doing so. Similarly, in Uberoi v. University ofColorado, 686 P.2d 788 (Colo. 1984), the supreme court held that the Open Records Act did not apply to internal university records, since that Act was not (and is not) expressly applicable to institutions of higher education. Thus, the university was free to adopt its own procedures dealing with the production of records and other materials under its control pursuant to its powers under article VIII, section 5(2) of the constitution. Since the other state institutions of higher education have equal autonomy under article VIII, section 5(2), supra, they are free to regulate their internal affairs by conducting meetings and providing for public disclosure of their records pursuant to their own procedures, rather than those contained in the Open Meetings and Open Records Acts.
A general qualification to this opinion is necessary. The Open Meetings and Open Records Acts are two examples of legislation applicable only to government bodies, and not to the public at large. This opinion should not be construed to exempt institutions of higher education from statutes intended to apply to all persons in the state (general police power statutes) even though such general police power statutes are not applicable expressly to state institutions of higher education.
Finally, although applicable legal precedent compels me to reach the conclusion rendered here, as attorney general I must express my strong reservations about the policy implications inherent from the result. For this reason, I urge the general assembly to reexamine the statutes in question with a view toward corrective amendment.
SUMMARY
Neither the Open Meetings nor the Open Records Act expressly apply to the state institutions of higher education. Thus, because of the holdings in Uberoi and AssociatedStudents, supra, I must conclude that these institutions may adopt their own procedures concerning the disclosure of their records to the public and the conduct of their meetings.
Very truly yours,
 DUANE WOODARD Attorney General
OPEN RECORD EDUCATION, HIGHER STATE AGENCIES
Section 24-6-401, C.R.S. (1982) Section 24-6-402, C.R.S. (1982) Section 24-72-201 to 206, C.R.S. (1982)
Colo. Const. art. VIII, § 5
AGRICULTURE, ST. BD. OF COLO. STATE UNIVERSITY UNIV. OF NORTHERN COLORADO UNIVERSITY OF COLORADO
The Colorado Open Meetings and Open Records Acts are not applicable to the state institutions of higher education because the legislature did not make these acts expressly applicable to these institutions.
[1] This report was prepared by a legislative committee which recommended enactment of article VIII, section 5. See
Op. Att'y Gen. No. 79-04-12.