The Honorable Roy Romer Governor State of Colorado Colorado State Capitol Denver, CO 80203
Dear Governor Romer:
This opinion letter responds to your April 26, 1990 inquiry about the use of proceeds from taxes imposed upon the sale of aviation fuel.
QUESTION PRESENTED AND CONCLUSION
May proceeds from excise taxes imposed upon aviation fuel be used for purposes other than aviation?
No.
ANALYSIS
Prior to 1974, Colo. Const. art. X, § 18 required that all revenues from excise taxes on gasoline or other liquid motor fuel be used only for public highway purposes. This requirement obviously applied to all excise taxes on aviation fuel.
In 1974, the citizens of Colorado passed a constitutional amendment which removed the proceeds from taxes on aviation fuel from the Highway Users Tax Fund. The amendment provides in relevant part:
 Any taxes imposed upon aviation fuel shall be used exclusively for aviation purposes.
This language was added to rectify an inequity. Fuel taxes in Colorado are based on a user benefit theory. The people who pay taxes for certain types of governmental services should also reap the benefits of those services. Prior to the 1974 amendment, taxes levied on aviation fuel could be used only for highways. As a result, the taxes on aviation fuel did not confer any benefit on those who paid the taxes. The amendment rectified this inequity. See 1974 Legislative Council of ColoradoGeneral Assembly, Research Pub. 206 at 19.
Where the language of the Constitution is plain and its meaning clear, that language must be declared and enforced as written.Colorado Ass'n of Public Employees v. Lamm, 677 P.2d 1350,1353 (Colo. 1984). "When the wording of the constitutional provision is not overburdened with confusion or ambiguity, efforts to apply various rules of construction to obtain a different meaning are without justification." In ReInterrogatory of the House of Representatives, 177 Colo. 215,217, 493 P.2d 346, 348 (1972); Colorado State CivilService Emp. Ass'n v. Love, 167 Colo. 436, 448 P.2d 624
(1968). The language of the Constitution is clear and unambiguous. Aviation fuel taxes must be used "exclusively" for aviation purposes.
This interpretation is confirmed by the analysis in Johnsonv. McDonald, 97 Colo. 324, 49 P.2d 1017 (1935). In discussing art. X, § 18 as it existed prior to the 1974 amendment, the Colorado Supreme Court stated:
 In our opinion the amendment of 1934 declared the object to which the funds arising from the excise taxes therein mentioned should be applied, namely, for road purposes, as distinguished from other governmental purposes, to which, just prior to the amendment portions of the fund had been diverted. . . .
97 Colo. at 346, 49 P.2d at 1028. Similarly, the power of the Legislature is limited to determining the aviation purposes for which the money derived from the sale of aviation fuel may be spent and authorizing the expenditures. Id.
My conclusion is in no way undermined by art. XXIV, § 2 of the Colorado Constitution, which sets aside for the old age pension fund certain revenues derived from "any and all excise taxes . . . levied upon sales . . . or on consumption of any commodity or product. . . ." Art. XXIV, § 2 was adopted in 1936. Where, as here, two constitutional provisions appear to be in conflict, the more specific, De'Sha v. Reed,194 Colo. 367, 370, 572 P.2d 821, 823 (1977); AssociatedStudents of University of Colorado v. Regents of University ofColorado, 189 Colo. 482, 485, 543 P.2d 59, 61 (1975), or the more recently adopted, In Re Interrogatories by GeneralAssembly, 171 Colo. 200, 205, 467 P.2d 56, 59 (1970), provision controls. In this case, article X is both the more specific and the more recently adopted provision; it controls over article XXIV.
SUMMARY
Taxes imposed on aviation fuel may be used only for aviation purposes.
Sincerely,
 DUANE WOODARD Attorney General
AVIATION TAXATION AND REVENUE APPROPRIATION
Colo. Const. art. X, § 18
Colo. Const. art. XXIV, § 2
GOVERNOR, OFFICE OF
Proceeds from taxes imposed on aviation fuel may be used only for aviation purposes.