Mahinder S. UBEROI,
Plaintiff-Appellant,

v.

UNIVERSITY OF COLORADO, Arnold R. Weber, Harrison Shull, Milton E. Lipetz, Alfred R. Seebass, George R. Inger, John P. Holloway, and Richard Tharp, Defendants-Appellees.

No. 83SA101.

Supreme Court of Colorado,
En Banc.

Aug. 27, 1984.

Rehearing Denied Sept. 17, 1984.

Mahinder S. Uberoi, pro se.

Richard A. Tharp, Boulder, for defendants-appellees.

LOHR, Justice.

The plaintiff, Mahinder Uberoi, appeals from a judgment of the District Court for the County of Boulder denying his claim of entitlement to inspect and copy certain records of the University of Colorado. The court based this denial on its conclusion that the Colorado Open Records Act,[1] upon which the plaintiff grounded his claim, is not applicable to the University of Colorado. We affirm.

The plaintiff, while employed as a professor by the University of Colorado at Boulder, requested the university administration to produce for his inspection various documents and other materials pursuant to the Colorado Open Records Act. Some of the requested material was provided; however, substantial portions were denied.[2]

Uberoi sought an order from the District Court for the County of Boulder requiring the defendant university and various administrators to show cause why they should not be required to permit the requested inspection.[3] A hearing was held at

---

1. Section 24–72–201 to –206, 10 C.R.S. (1982 & 1983 Supp.).

2. The plaintiff's complaint alleges that he requested and was denied a wide variety of material. Among the material the university allegedly refused to produce for the plaintiff's inspection were complete minutes of an unspecified committee proceeding involving the plaintiff, correspondence concerning the proceeding, correspondence concerning salary recommendations, records of travel by faculty members, monthly expenditures of the Joint Institute of Laboratory Astrophysics, appointment forms for teaching assistants in the aerospace department, reports of the professional activities of certain faculty members, and letters soliciting evaluations of the plaintiff's work and the replies. The complaint also alleges that the plaintiff requested and was refused the records of annual expenditures for the past ten years and

detailed monthly expenditures for fiscal year 1978–79 of nine university departments.

3. Section 24–72–204(5), 10 C.R.S. (1982), provides:

Any person denied the right to inspect any record covered by this part 2 may apply to the district court of the district wherein the record is found for an order directing the custodian of such record to show cause why he should not permit the inspection of such record. Hearing on such application shall be held at the earliest practical time. Unless the court finds that the denial of the right of inspection was proper, it shall order the custodian to permit such inspection and, upon a finding that the denial was arbitrary or capricious, it may order the custodian personally to pay the applicant's court costs and attorney fees in an amount to be determined by the court.

which the defendants argued that the Open Records Act was not applicable to the University of Colorado.[4] The trial court agreed, and therefore ruled that the defendants had shown sufficient cause for refusing to permit inspection of the requested material.

The plaintiff appeals, contending that the Colorado Open Records Act is fully applicable to the University of Colorado. We disagree.

■ The University of Colorado is established and structured through a combination of constitutional and statutory provisions. The university is created as a state institution of higher education by the Colorado Constitution. Colo. Const. art. VIII, § 5(1). Similarly, the board of regents of the university is established by the constitution. Colo. Const. art. IX, § 12. The constitution provides that "[t]he governing boards of the state institutions of higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, *unless otherwise provided by law.*" Colo. Const. art. VIII, § 5(2) (emphasis added). Section 23–20–111, 9 C.R.S. (1983 Supp.), confers on the regents the "general supervision of the university and control and direction of all funds of and appropriations to the university ...." General power to govern the university is conferred upon the regents by section 23–20–112, 9 C.R.S. (1973): "[t]he board of regents shall enact laws for the government of the university...." Additionally, various other statutory provisions detail the powers and responsibilities of the regents. §§ 23–20–101 to –135, 9 C.R.S. (1973 & 1983 Supp.). The foregoing constitutional and statutory provisions grant "broad discretion to the Regents as a governing board" and create in that body "specific and particular powers" to operate the

university. *Associated Students v. Regents,* 189 Colo. 482, 484–85, 543 P.2d 59, 61 (1975).

In *Associated Students,* we held that the Open Meetings Law of the Colorado Sunshine Act, sections 24–6–401 to –402, 10 C.R.S. (1982), does not apply to meetings of the regents of the University of Colorado. A group of students and faculty members at the university had brought the suit to prohibit the regents from holding executive sessions, closed to the public. The plaintiffs argued that the phrase "unless otherwise provided by law," which qualifies the grant of powers to the regents in Colo. Const. art. VIII, § 5(2), has the effect of making any statute—whether specific or general—applicable to the regents. Thus, their argument proceeded, the Open Meetings Law was binding on the regents. We rejected that position, stating:

> This phrase [i.e., "unless otherwise provided by law"] operates so that any qualification of the constitutional grant is to be construed as divesting the supervision and control granted only when a legislative enactment *expressly* so provides. Implied repeals are thereby intended to be guarded against.

189 Colo. at 485, 543 P.2d at 61 (emphasis in original).

We then concluded that the Open Meetings Law was a general law, not a specific one, and reversed the trial court's ruling requiring meetings of the board of regents to be open, holding that:

> The [trial] court's interpretation of the applicability of the Sunshine Act if upheld would invalidate a law which the Regents are duly authorized to enact [i.e., a section of the Law of the Regents permitting closed meetings of the board of regents in certain circumstances]; and clearly this does, indeed, both limit and infringe upon the Regents' authority to govern the university. In order to reach

4. The defendants also alleged as an affirmative defense that the plaintiff had filed an unrelated lawsuit in federal district court against the university and various of its personnel. Because of our resolution of this matter it is unnecessary

for us to consider the defendant's contention that the plaintiff should not be permitted to use the Colorado Open Records Act as a substitute for discovery under the rules of civil procedure.

such a result, the Sunshine Act would have to repeal both Art. VIII, Sec. 5(2) and section [23–20–112]. As we noted above, such a repeal would have to be express; and the Act contains no such language.

*Id.* at 485, 543 P.2d at 62.

The reasoning of *Associated Students* regarding the Sunshine Act is equally applicable to the Colorado Open Records Act at issue here. Section 24–72–201, 10 C.R.S. (1982), sets out as the public policy of Colorado that "all public records shall be open for inspection by any person at reasonable times"; however, this declaration is qualified by the specific exceptions of the Act itself and by the phrase "except ... as otherwise specifically provided by law." This language is essentially reiterated in section 24–72–203(1), 10 C.R.S. (1982), which provides that "[a]ll public records shall be open for inspection by any person at reasonable times, except as provided in this part 2 or as otherwise provided by law ...." The statutory scheme of the Open Records Act reveals that, as with the Open Meetings Law construed in *Associated Students,* it is a broad, general law. And, as we noted in *Associated Students,* statutory repeal by implication is not favored in Colorado, nor will a general statute be interpreted to repeal a conflicting special provision "unless the intent to do so is clear and unmistakable." *Associated Students,* 189 Colo. at 485, 543 P.2d at 61; *See also People v. District Court,* 196 Colo. 249, 585 P.2d 913 (1978); *Gosliner v. Denver Election Commission,* 191 Colo. 328, 552 P.2d 1010 (1976); *Gillies v. Schmidt,* 38 Colo.App. 233, 556 P.2d 82 (1976). Thus, the specific supervisory control over the university granted to the regents can be

divested only by a legislative enactment expressly so providing.[5]

The plaintiff urges that the Open Records Act's definition of "public records" sufficiently refers to records of the University of Colorado to bring those documents within the ambit of the Act. Public records are defined to include "all writings made, maintained, or kept by the state or any agency, *institution,* or political subdivision thereof" for specified uses. § 24–72–202(6), 10 C.R.S. (1982) (emphasis added). The Colorado Constitution refers to the university as one of the "state institutions of higher education." Colo. Const. art. VIII, § 5(1), (2). Occasional references to the University of Colorado as an "institution" also appear in the statutes establishing the structure of the university. *E.g.,* § 23–20–107, 9 C.R.S. (1973). The Open Meetings Law of the Colorado Sunshine Act, at issue in *Associated Students,* mandated that meetings of any "board, committee, commission, or other policy-making or rule-making body of any *state agency or authority*" be open. § 24–6–402(1), 10 C.R.S. (1982) (emphasis added). We concluded that this language was not sufficiently express to evince a legislative intent to apply the Open Meetings Law to the University of Colorado. Similarly, here, we do not believe that the definition of public records to include writings kept by a state institution demonstrates legislative intent to make the Open Records Act applicable to the University of Colorado. As the trial court observed, "The act nowhere specifically refers to the University nor to governing bodies of educational institutions. It is in every sense a general law."

The university has adopted procedures dealing with the production and disclosure of records and other materials under its control.[6] As in *Associated Stu-*

5. The plaintiff's argument that our opinion in *Denver Publishing Co. v. Dreyfus,* 184 Colo. 288, 520 P.2d 104 (1974), requires that the Open Records Act must specifically exempt the university is not persuasive. There, we held merely that, where the public records in question are subject to the Act, grounds for denial of the right to inspect particular records must be specifically set forth in the Open Records Act or in some other statute in order to justify denial of inspection. *See* section 24–72–204, 10 C.R.S. (1982), detailing grounds justifying denial of inspection. The question in the present case is whether the University of Colorado records are subject to the Act, and we hold that they are not.

6. The General Procedures Manual of the University of Colorado contains a section with respect to examination of records of the university. Appellees' Answer Brief, Appendix A. The plaintiff

*dents,* invalidation of these procedures by a legislative enactment such as the Open Records Act would limit the regents' powers to supervise the operation of the university. The Open Records Act contains no clear expression of legislative intent to impose such a limitation on the regents and we will not infer such intent where it is not unmistakably expressed.

The judgment of the trial court is affirmed.

DUBOFSKY, J., dissents and NEIGHBORS, J., joins in the dissent.

DUBOFSKY, Justice, dissenting:

I respectfully dissent.

The majority relies on *Associated Students v. Regents,* 189 Colo. 482, 543 P.2d 59 (1975) for its conclusion that the Colorado Open Records Act, sections 24–72–201 to –206, 10 C.R.S. (1982 & 1983 Supp.) does not apply to the University of Colorado. I believe that *Associated Students* is distinguishable from the instant case and that the plain language of the Open Records Act·governs the records of the University of Colorado.

Colo. Const. art. VIII, § 5(2) grants the governing boards of state institutions of higher education power to supervise generally their institutions. In *Associated Students,* although noting that article VIII's grant of authority is limited by the phrase, "unless otherwise provided by law," this court held that section 24–6–402, 10 C.R.S. (1982) (the Colorado Sunshine Act) requiring that meetings of "any board, committee, commission, or other policy-making or rule-making body *of any state agency or authority* " be open is not sufficiently specific to override the University of Colorado Board of Regents' authority to supervise

did not rely on this provision in asserting a right to examine records, but instead grounded his claim solely on the Open Records Act. We express no opinion on the nature or extent of inspection rights that the plaintiff may have under the General Procedures Manual.

1. This definition has not been changed substantially since the date of this court's decision in *Associated Students v. Regents,* 189 Colo. 482,

the university (emphasis added). In contrast, the provisions of the Open Records Act at issue here apply specifically to "all writings made, maintained, or kept by the state or any agency, *institution,* or political subdivision thereof." Section 24–72–202(6), 10 C.R.S. (1982) (emphasis added). As the majority concedes, the University of Colorado is a state institution. *See* Colo. Const. art. VIII, § 5(1).

"Agency" is defined in the context of title 24, article 4 as: "any board, bureau, commission, department, *institution,* division, section, or officer of the state, except those in the legislative branch or judicial branch and *except state educational institutions administered pursuant to title 23* ... C.R.S. ...." Section 24–4–102(3), 10 C.R.S. (1983 Supp.) (emphasis added).[1] The University of Colorado is administered pursuant to title 23, article 20 and therefore is one of the few institutions exempted from section 24–4–102(3)'s definition of "agency." The Open Record Act's specific reference to "institutions" in section 24–72–202(6) would be redundant if the act were not applied to educational institutions, since all other institutions [2] are covered by that section's use of the term "agency." *See* section 24–4–102(3). Statutes should be construed to give effect to all of their terms. *Gearhart-Owen Industries v. Panhandle Production Co.,* 624 P.2d 355 (Colo. App.1980) *cert. denied,* Feb. 17, 1981.

The majority holds that use of the term "institution" in section 24–72–202(6) is not sufficiently specific to show that the General Assembly intended the Open Records Act to apply to the University of Colorado. I believe this holding is an unwarranted expansion of *Associated Students.* The plain language of the Open Records Act

543 P.2d 59 (1975) (refusing to apply section 24–6–402, directed to agencies and authorities, to the University of Colorado). *See* Ch. 33, sec. 1, § 3–16–1(1)(b), 1969 Colo.Sess.Laws 81.

2. Colo. Const. art. VIII, § 1 lists institutions as including "[e]ducational, reformatory and penal institutions, and those for the benefit of insane, blind, deaf and mute ...."

clearly includes the records of state institutions such as the University of Colorado within its scope. To require the General Assembly to express its intent even more explicitly is, I believe, an interference in the legislative process unjustified by the Colorado Constitution or significant policy concerns.

I would reverse the district court's decision.

NEIGHBORS, J., joins in this dissent.