**Richard ROBIDOUX, Plaintiff-Appellee,**

**v.**

**CITY OF LAKEWOOD, Police Pension Board of the City of Lakewood and the Members Thereof; the Plan Manager; the Plan Manager Committee; the Plan Trustee; Robert Darrow, City Treasurer of the City of Lakewood, Defendants-Appellants.**

**No. 83CA0101.**

Colorado Court of Appeals, Div. III.

Dec. 13, 1984.

Rehearing Denied Jan. 10, 1985.

Certiorari Granted May 6, 1985.

Gerash & Robinson, P.C., Scott H. Robinson, Denver, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, Vicki J. Fowler, Merry Ann Vernon, Denver, for defendants-appellants.

KELLY, Judge.

The City of Lakewood and the Police Pension Board of the City of Lakewood appeal the trial court's ruling declaring Robidoux to be eligible for police disability benefits despite his employment with a private company. The City contends that the trial court erred by incorrectly interpreting the disability ordinance. We reverse.

During his employment as a police officer for the City of Lakewood, Robidoux injured his shoulder several times in the line of duty. Eventually his injuries resulted in a classification of job-related total disability, and the Department recommended termination. The Lakewood Police Pension Board granted Robidoux's request for benefits under the Lakewood Municipal Code § 2.36.

On July 10, 1981, the Police Pension Board suspended Robidoux's pension benefits because he had obtained employment with a private business. The Board relied on Lakewood Municipal Code § 2.36.070[b] which provides:

"Disability benefits under the duty death and disability trust shall cease upon a participant's return to employment, upon his recovery from total disability, or upon his death."

Robidoux sought relief in the district court which ruled that he was entitled to the disability benefits.

Robidoux argues that "return to employment" means return to employment with the Lakewood Police Department, and that he is therefore entitled to the benefits despite his current employment. The City and the Board argue that "return to employment" means return to "any" employment and that Robidoux's benefits were appropriately terminated when he obtained employment. We agree with the City and the Board.

■ Statutes must be construed as a whole, and the several parts of a statute reflect light upon each other. *See People ex rel. Dunbar v. Gym of America, Inc.,* 177 Colo. 97, 493 P.2d 660 (1972). A court should look to the statute itself in order to determine whether its terms have a sufficiently definite and understandable meaning, and must consider all of the language of a statute in order to give effect to all of its parts. *See Breternitz v. Arvada,* 174 Colo. 56, 482 P.2d 955 (1971).

Section 2.36.070[b] specifies that disability benefits shall cease upon any one of three discrete events: (1) return to employment, (2) recovery from total disability, or (3) death. In order to give effect to the three separate cessation provisions, it is necessary to give distinct and different meanings to each of these events. Thus, the meaning of "return to employment" must be determined in context with the meaning of "recovery from total disability."

Until total disability is defined, we cannot determine the scope of "return to employment." Total disability for a police officer is defined in Lakewood Municipal Code § 2.36.020(18) as follows:

" 'Total Disability' means a disability which is incurred by reason of service as a police officer and which renders a par-

ticipant unable to perform satisfactorily the duties of his employment with the City as a sworn police officer or agent of the Department of Public Safety, as determined by a physician selected by the Plan Manager, and which results in his termination of employment with the City."

Since total disability is that which renders a participant unable to perform as a police officer and results in termination of employment with the City, the only reasonable construction of the phrase "return from total disability" is that the officer is able to perform as a police officer and is able to return to employment as a police officer with the City.

■ If Robidoux's interpretation of "return to employment" as "return to employment with the police department" were adopted, it would be synonymous with the phrase "recovery from total disability." We will not interpret § 2.36.070[b] so that one of its provisions is meaningless. Here, "return to employment" must be construed to mean return to any employment.

Judgment reversed.

TURSI and METZGER, JJ., concur.