Ruben A. Valdez Executive Director Department of Social Services 717 17th Street P.O. Box 181000 Denver, CO 80218-0899
Dear Mr. Valdez:
This opinion letter is in response to your June 11, 1986 letter in which you inquired about the requirements of section26-2-111(1)(c)(I), C.R.S. (1982) for determining eligibility for public assistance.
QUESTION PRESENTED AND CONCLUSION
Your request for an Attorney General's opinion presents the question:
Must a person meet the requirements of (A) and (B) and (C) of section 26-2-111(1)(c)(I), C.R.S. (1982) in the transfer of his/her personal residence in order to be eligible for public assistance?
 It is my opinion that all three conditions set forth in section 26-2-111(1)(c)(I)(A), (B), and (C), C.R.S. (1982), have to be met by the person's transfer of his/her personal residence in order for such person to be eligible for public assistance.
ANALYSIS
Section 26-2-111(1)(c)(I), C.R.S. (1982) prohibits a person from being eligible for public assistance benefits where he/she has, either while receiving public assistance benefits or within 5 years of applying for such, assigned or transferred property "without fair and valuable consideration for the purpose of rendering himself eligible for public assistance. . . ." The statute creates a rebuttable presumption that any transfer of property, without fair and valuable consideration, within that period of time has been made for the purpose of rendering the person eligible for public assistance but permits the person to "assign or transfer the ownership of real property owned and used as a residence by him" if
 (A) The transfer or assignment is made for reasons other than to become eligible for public assistance under this article;
 (B) The primary purpose of the transfer or assignment is not to acquire moneys or profit but is for some other legitimate reason such as estate planning;
 (C) The transferor retains the exclusive right of possession of and net income from the real property transferred or assigned.
The failure of the general assembly to insert either the word "and" or the word "or" between clauses (A), (B), and (C) here has left the statute ambiguous as to whether all, or only one, of these conditions must be present for a person to be eligible for public assistance.
The cardinal rule of statutory construction is that legislative intent must be ascertained and given effect whenever possible.Ingram v. Cooper, 698 P.2d 1314 (Colo. 1985);Industrial Comm'n v. Board of County Comm'rs of AdamsCounty, 690 P.2d 839 (Colo. 1984). Where, as here, the meaning of a statute is unclear, a number of factors may be considered to discern legislative intent, including the object sought to be attained by a particular statute, the consequences of a particular construction of the statute, and the administrative construction of the statute. Section2-4-203(1)(a), (e), and (f), C.R.S. (1980).
In determining the object sought to be accomplished by a particular provision, the provision should "be read and considered in the context of other relevant provisions of the Act," Allen v. Charnes, 674 P.2d 378, 381 n. 8 (Colo. 1984), because "the several parts of a statute reflect light upon each other." Robidoux v. City of Lakewood, 700 P.2d 917,918 (Colo.App. 1985), cert. granted May 6, 1985.
Section 26-2-111, C.R.S. (1982) is part of the Colorado Public Assistance Act, section 26-2-101 to 132, C.R.S. (1982). According to section 26-2-102, C.R.S. (1982) the purpose of the Act is to:
 promote the public health and welfare of the people of Colorado by providing . . . public assistance for needy individuals and families who are residents of the state and whose income and property are insufficient to meet the costs of necessary maintenance and services . . . and to assist such individuals and families to attain or retain their capabilities for independence, self-care, and self-support. . . .
(Emphasis added.)
Section 26-2-111, C.R.S. (1982) contains eligibility requirements for public assistance. One of those requirements is that the person have "insufficient income, property or other resources to meet his needs. . . ." Section 26-2-111(1)(b), C.R.S. (1982).
The obvious purpose of the Colorado Public Assistance Act is to benefit needy people who cannot otherwise provide for themselves. Section 26-2-111(1)(c)(I), C.R.S. (1982) is concerned with the possibility that people would voluntarily assign or transfer property without receiving a fair and valuable consideration for the purpose of becoming eligible for public assistance. It is meant to keep people who have property from disposing of their property for no money or profit in order to become eligible for public assistance. This is in keeping with the legislative intent that public assistance be limited to those who are truly needy.
Clauses (A), (B) and (C) must not be interpreted in such a manner as to frustrate that intent. Schubert v. People,698 P.2d 788 (Colo. 1985); Beth Israel Hospital and GeriatricCenter v. District Court In and For City County of Denver,683 P.2d 343 (Colo. 1984). Construing the statute to require only any one of the three clauses, (A), (B) or (C), does not insure that public assistance be payable only to needy individuals as well as does the interpretation that all three clauses are required before eligibility can be found. Clauses (A) and (B) describe the permissible motives which may underlie transfers of residences for less than fair consideration; clause (C) describes a very limited and specific type of permissible transfer. Reading the clauses separately, it is possible, under (A) and/or (B), that a person could transfer his/her property, without fair consideration, for a legitimate purpose and yet, by not retaining a possessory interest in the property and net income from the property, in effect, create a need for public assistance where none previously existed. Reading the clauses together, however, eliminates that possibility and leaves only those people whose property and income are insufficient to meet their needs eligible for public assistance. This "cumulative" construction is in keeping with the duty to choose the statutory construction which best effectuates the purposes of the legislative scheme.
Finally, the Colorado Department of Social Services, the agency charged with implementing the Colorado Public Assistance Act, has interpreted the statute in this manner, see9 C.C.R. 2503-1, § 3.210.35; its interpretation is entitled to great deference. E.g., Smith v. Myron StrattonHome, 676 P.2d 1196, 1201 n. 4 (Colo. 1984); Tosco Corp.v. Hodel, 611 F. Supp. 1130 (D. Colo. 1985). For this reason, and all of the others mentioned above, it is my opinion that section 26-2-111(1)(c)(I), C.R.S. (1982) should be read as if the word "and" was found between (A) and (B), and between (B) and (C) as well. Morris v. People, 4 Colo. App. 136,35 P. 188 (1893).
SUMMARY
It is my conclusion that the conditions of section26-2-111(1)(c)(I)(A), (B) and (C), C.R.S. (1982) are cumulative and must all be present for eligibility not to be affected by the transfer of a residence.
Very truly yours,
 DUANE WOODARD Attorney General
RULES AND REGULATIONS STATUTES STATUTORY CONSTRUCTION
Section 26-2-111(1)(c)(I), C.R.S. (1982)
SOCIAL SERVICES, DEPT. OF
Section 26-2-111(1)(c)(I) requires that all conditions (A) (B) (C) be present for eligibility not to be affected by the transfer or assignment of a residence.