Michael K. Ghourdjian State Purchasing Director Division of Purchasing Department of Administration 303 West Colfax Avenue, Suite 600 Denver, Colorado 80204
Dear Mr. Ghourdjian,
This opinion letter is written in response to your inquiry about the authority of University Hospital after divestiture to enter into cooperative purchasing agreements.
QUESTION PRESENTED AND CONCLUSION
Does the Corporation which operates University Hospital after divestiture qualify as a "public procurement unit" for purposes of participating in cooperative purchasing agreements authorized by the Colorado Procurement Code?
No.
ANALYSIS
Among other things, the State Procurement Code, §§ 24-101-101
to 24-112-101, C.R.S. (1988 1989 Supp.), authorizes "public procurement units" to enter into cooperative purchasing agreements. Section 24-110-201, C.R.S. (1988). "Public procurement units" include "local" public procurement units, § 24-110-203(4), C.R.S. (1988), which, by definition, include "any educational, health, or other institution, and, to the extent provided by law, any other entity which expends public funds for the procurement of supplies, services and construction." Section 24-110-101(3), C.R.S. (1988).
University Hospital was established by the University of Colorado Board of Regents (hereafter, "the Board") to meet the needs and demands for medical, dental, nursing, and pharmacy schools and other health-related programs. Colo. Const. art. VIII § 5; § 23-21-101, C.R.S. (1988). Prior to 1989, the Board managed, controlled, and governed the operation of the Hospital. Section23-21-101, C.R.S. (1988). In 1989, however, the General Assembly determined that the public interest would "be best served if the hospital is reorganized to operate as a private nonprofit corporation charged with the mission of operating a teaching hospital for the benefit of the health sciences schools and providing care for the medically indigent." Section 23-21-401(1)(e), C.R.S. (1989 Supp.). Upon transfer of Hospital assets, the Corporation, not the Board, became responsible for operating and managing the Hospital. Sections 23-21-114, C.R.S. (1989 Supp.) (repealing, §§ 23-21-101 to 113, C.R.S. (1988)), 23-21-402(3) and (9), C.R.S. (1989 Supp.), 23-21-403(1)(d), C.R.S. (1989 Supp.), 23-21-404(1)(c), C.R.S. (1989 Supp.).
I am cognizant of the fact that the Hospital's reorganization is the subject of pending litigation in the appellate courts of this state. Assuming the reorganization is upheld, it is my view that the Corporation does not qualify as a "public procurement unit." Admittedly, the Hospital remains an educational institution for which public funds are indirectly expended. See §23-21-401(1)(f), C.R.S. (1989 Supp.) (partial state reimbursement of costs for medical care of the indigent). Nonetheless, the definition of "public procurement unit" must be considered in the context of other relevant provisions of the State Procurement Code. See Allen v. Charnes, 674 P.2d 378, 381
n. 8 (Colo. 1984); see also Robidoux v. Cityof Lakewood, 700 P.2d 917, 918 (Colo.App. 1985) ("the several parts of a statute reflect light upon each other."). Significantly, the Code applies to "governmental bodies of the executive branch of this state," § 24-101-105(1), C.R.S. (1988) and "[a]ll political subdivisions and local public agencies" which opt to "adopt all or any part of the code and its accompanying rules," § 24-101-105(2), C.R.S. (1988). And, the article which authorizes cooperative purchasing agreementsi.e., article 110 of title 24, is titled "Intergovernmental Relations." In light of these provisions, it is my opinion that the legislature intended that only state or local governmental entities could qualify as "public procurement units."
The Corporation that manages and operates University Hospital is clearly not a governmental entity. The Legislature's purpose in reorganizing the Hospital was to remove it from "various kinds of government policy and regulation." Section 23-21-401(1)(c), C.R.S. (1989 Supp.). And, the Legislature specifically provided that:
 [t]he corporation shall not be an agency of state government, nor a department or political subdivision thereof. It shall not be subject to any provisions of law affecting only governmental or public entities and, unless otherwise provided . . ., shall have all the rights and powers of a private nonprofit corporation organized under the laws of this state.
Section 23-21-403(1)(a), C.R.S. (1989 Supp.). University Hospital is in many ways, then, much like other private colleges and institutions which, while receiving some governmental assistance, would not qualify as governmental entities entitled to reap the benefits of the State Procurement Code.
SUMMARY
The Corporation that operates University Hospital is not a "public procurement unit." The Corporation may, however, enter into contracts with the Board of Regents for the provision of goods, services, and facilities in support of the University, § 23-21-401(6), C.R.S.(1989 Supp.), § 23-21-403(1)(d), C.R.S.(1989 Supp.); and, as a public procurement unit, the Board could enter into cooperative purchasing agreements to obtain materials and other resources which the Corporation might need for running the Hospital.
Sincerely,
 DUANE WOODARD Attorney General
LOCAL PUBLIC PROCUREMENT UNIT UNIVERSITY HOSPITAL PROCUREMENT CODE
§ 24-110-101(3), C.R.S. (1988)
ADMINISTRATION, DEPT. OF Purchasing Division
University Hospital after divestiture no longer meets the definitional requirement of a "public procurement unit."