Timothy M. O'Brien State Auditor Office of State Auditor 200 East 14th Avenue Denver, Colorado 80203
Dear Mr. O'Brien,
This opinion letter is written in response to your inquiry about the application to the University of Colorado and other state colleges of certain statutory provisions concerning the use of public funds.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Do §§ 24-75-601 through -601.5 and 24-75-603, C.R.S. (1988 1989 Supp.) apply to the use of funds by the University of Colorado?
 Sections 24-75-601 through -601.5 do; § 24-75-603
does not.
2. Do §§ 24-75-701 and -702, C.R.S. (1988) authorize Western State and Mesa State Colleges to pool their moneys with those of other public entities?
Yes.
3. Is part 7 of article 75, title 24, C.R.S. (1988) compatible with the other parts of article 75, title 24?
Presumably, yes.
ANALYSIS
1. Title 24, article 75, part 6, C.R.S. (1988 1989 Supp.) provides general law regarding the lawful investment of public funds and other moneys. Section 24-75-601 is a definitional section. Section 24-75-601.1 concerns lawful investment of public funds in securities: subsection (1) of this section specifies what securities constitute lawful investments of public funds; subsection (2) requires that such investments further conform with the standard set forth in § 15-1-304, C.R.S.; subsections (3) and (4) provide that the restrictions of the section are not limitations on other powers or authorities otherwise authorized by law and do not refer to certain specified public funds. Sections 24-75-601.2 through 24-75-601.5 contain provisions related to the substantive material contained in §24-75-601.1. The other section relevant to your inquiry is §24-75-603, which authorizes certain public entities to deposit funds in federally insured or adequately secured Colorado banks and savings and loan associations.
The University of Colorado (hereafter, "the university") is a state institution of higher education created by the state constitution. Colo. Const. art. VIII, § 5. It is governed by a Board of Regents (hereafter, "the board"), Colo. Const. art. IX, § 12, which has "exclusive control and direction of all funds of and appropriations to [the university], unlessotherwise provided by law." Colo. Const. art. VIII, § 5(2) (emphasis added). See also § 23-30-111, C.R.S. (1987) (board has control over university funds and appropriations, subject to controller's authority to promulgate fiscal rules).
The Colorado Supreme Court has noted that the controlling constitutional and statutory provisions grant broad discretion to the board with respect to its authority to operate the university; that the phrase "unless otherwise provided by law" in Colo. Const. art. VIII, § 5(2) does not have the effect of making any general statute or even any specific statute automatically applicable to the university and the board's authority; and, that a general statute will not be interpreted to repeal a conflicting special provision
 . . .`unless the intent to do so is clear and unmistakable.' [Citations omitted.] Thus, the specific supervisory control over the university granted to the regents can be divested only by a legislative enactment expressly so providing.
Uberoi v. University of Colorado, 686 P.2d 785, 788
(Colo. 1984); Associated Students v. Regents of theUniversity of Colorado, 189 Colo. 482, 543 P.2d 59, 61
(1975)
The relevant provisions of part 6 must be examined in light of these legal principles. As amended in 1989, § 24-75-601(1) contains the kind of express language necessary to include the university in the definition of "public entity":
 "Public entity" means the state of Colorado; any institution, agency, instrumentality, authority, county, municipality, city and county, district, or other political subdivision of the state, including any school district and institution of higher education. . . .
(Emphasis added.)
Section 24-75-601.1 provides the operative limitations on investments of public funds in securities. Paragraph (3)(c) of that provision, however, explicitly states that § 24-75-601.1
is not intended to limit the board's authority to invest "any funds available to it in any security or other investment" if such security or other investment is "otherwise provided by law". This section, then, does not restrict the board's investment opportunities, but simply clarifies in an express manner the availability of certain options.
Section 24-75-603 would, on the other hand, limit the circumstances under which the board could deposit funds in banks and savings and loan associations, if it were applicable to the board. The statute covers, among other entities, "any other political subdivision of the state." Normally one would presume that the General Assembly intended that that section apply to the university, by virtue of the 1989 amendment of the definition of "public entity" to encompass any "other political subdivision, including any . . .institution of higher learning. . . ." (emphasis added).See, e.g., In Re Questions, 179 Colo. 270,499 P.2d 1169 (1972) (legislature is presumed to act with knowledge of the law); Robidoux v. City of Lakewood,700 P.2d 917, 918 (Colo.App. 1985) (". . . the several parts of a statute reflect light upon each other."). Here, however, other pertinent considerations undermine that presumption and point to a contrary legislative intent.
The title of an enactment is a relevant consideration in determining legislative intent. See, e.g.,Martinez v. Continental Enterprises, 730 P.2d 308
(Colo. 1986). The legislature is, after all, unable to affect subjects which are not embraced in the title of the act. Colo. Const. art. V, § 21. Here, the legislation which changed the definition of "public entity", i.e., H.B. 1056, is entitled "A Bill For An Act Concerning Investment in Securities." 1989 Colo. Sess. Laws 1101. The operative portions of the bill (other than the definitional section) deal with legal investments in securities, which are defined, in § 24-75-601(3) as "any bond, note, bill, obligation, certificate of indebtedness or other evidence of indebtedness, or interest in the foregoing." Section 24-75-603 does not deal in any way with these types of investments; it deals exclusively with investments in depositories. This fact, plus the presumption that the legislature intended to limit its action to the designated subject of the bill, see State v. Rice,626 P.2d 104 (Alaska 1981) (legislature presumed to intend constitutional result), convince me that the legislature did not intend that § 24-75-603 apply to the university. At worst, the statute is ambiguous, and ambiguities are resolved against the applicability of a statute to the university. SeeUberoi, supra.
2. Your second question concerns whether Mesa and Western State Colleges may participate in the pooling of treasury moneys for investment purposes authorized by §§ 24-75-701 and -702. Section 24-75-701 lists the entities that are eligible to utilize the various types of pooling arrangements:
 In accordance with the provisions of this part 7, it is lawful for any county, city and county, city, town, school district, special district, or other political subdivision of the state, or any department, agency, or instrumentality thereof, or any
political or public corporation of the state to pool any moneys in its treasury, which are not immediately required to be disbursed, with the same such moneys in the treasury of any other county, city and county, city, town, school district, special district, or other political subdivision of the state, or any department, agency, or instrumentality thereof, or any political or public corporation of the state in order to take advantage of short-term investments and maximize net interest earnings.
(Emphasis added.)
A "public corporation" is an instrumentality created by the state, formed and owned by it in public interest, supported in whole or in part by public funds, and governed by managers deriving their authority from [the] state." Black's LawDictionary (5th ed. 1979) at 1105-06. The board of trustees for the state colleges, including Mesa and Western State Colleges, qualify as such, since it is declared to be "abody corporate by the name and title of the `trustees of the state colleges in Colorado,'" having authority in "like manner as municipal corporations of this state" for the "government of the colleges and their business. . . ." Section 23-50-101(1)(a), C.R.S. (1988). (emphasis added). Consequently, Mesa and Western State Colleges may participate through their board of trustees in the specified pooling of investments.
3. Your final question asks whether the provisions of part 7 of title 24 of article 75, C.R.S. (1988) are compatible with the other provisions of article 75 of title 24. Your question suggests that you feel there is an overall lack of consistent purpose in the provisions of article 75. However, there is no requirement in law that statutes must be philosophically consistent and, absent ambiguity or a direct contradiction between statutory provisions and the need to resort to various tools of statutory construction, courts will not go beyond the plain language of the statute. Courts will, wherever possible, give effect to every word of legislation. SeeAdams-Arapahoe County School District v. Wolf, 30 Colo. App. 117,489 P.2d 348, 350 (1971). My attention has not been called to any sections or statutory provisions of article 75, title 24 which are directly contradictory or which cannot be given their full, literal, and apparent meaning.
SUMMARY
Sections 24-75-601 through -601.5 apply to the university, but, § 24-75-603 does not; Mesa and Western State Colleges may participate through their board of trustees in the pooling of investment moneys authorized by §§ 24-75-701 and -702; and, the provisions of article 75 title 24 do not appear, and have not been shown to be, inconsistent with each other.
Sincerely,
 DUANE WOODARD Attorney General
INVESTMENT PUBLIC FUNDS SECURITIES EDUCATION, HIGHER EDUCATIONAL INSTITUTIONS
§ 24-75-601 to 24-75-601.5, C.R.S. (1988 1989 Supp.)
§ 24-75-603, C.R.S. (1988 1989 Supp.)
24-75-701 and 702, C.R.S. (1988)
AUDITOR, OFFICE OF STATE UNIVERSITY OF COLORADO
Sections 24-75-601 through -601.5 apply to the university, but,24-75-603 does not; Mesa and Western State Colleges may participate through their board of trustees in the pooling of investment moneys authorized by §§ 24-75-701 and -702; and, the provisions of article 75 title 24 do not appear, and have not been shown to be, inconsistent with each other.