Timothy M. O'Brien, C.P.A. State Auditor 200 East Fourteenth Avenue Denver, Colorado 80203
Dear Mr. O'Brien:
This opinion letter is in response to your request for an opinion about the University of Northern Colorado's (hereinafter "UNC") authority to offer dependent tuition grants with state appropriated funds; and the Community College of Aurora's (hereinafter "CCA") authority to grant in-state tuition rates for classes taken at Lowry Air Force Base.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following questions:
1. May UNC offer dependent tuition assistance with state appropriated funds?
Yes.
2. May CCA grant in-state tuition rates to military personnel for classes taken at Lowry Air Force Base?
No.
ANALYSIS
1. In 1983, UNC implemented a Dependent Tuition Grant program. Under this program, dependents of UNC employees may receive tuition remission benefits at the university. The Colorado Commission on Higher Education (hereinafter "CCHE") ratified the tuition remission program.
In order to determine this question, two issues must be discussed. It must be determined if CCHE has authority to grant dependent tuition assistance. Next, it must be determined if the power of the state controller to authorize prerequisites for university employees supersedes the authority of CCHE to grant dependent tuition assistance.
The General Assembly has delegated central policy and coordination functions over the various university boards to CCHE. See § 23-1-101, C.R.S. (1988). CCHE has authority to coordinate programs and policies among various State universities, including the University of Northern Colorado. The CCHE has specific authority to fund scholarship, grants and other financial assistance. Section 23-3.3-501, C.R.S. (1988) provides as follows:
 The commission shall use a portion of any moneys remaining after meeting the requirements of parts 2 and 3 of this article to provide other programs of financial assistance based upon financial need, merit or other criteria established by the commission for students enrolled at institutions.
(Emphasis added.)
Courts have consistently held that statutory terms are to be given effect according to their plain and obvious meaning.Charnes v. Lobato, 743 P.2d 27, 30 (Colo. 1987). Section 23-3.3-501 does not limit CCHE to authorizing grants or scholarships. Financial assistance includes loans and rebates. Moreover, financial assistance may be authorized for reasons other than need or merit. Thus financial assistance may be given to dependents of UNC employees solely on the basis of their status as dependents of employees.
CCHE's authority to grant financial assistance in the form of remissions is not contravened by the authority of the state controller to promulgate rules controlling the types of perquisites for all state employees, including employees in the institutions of higher education. Section 24-30-202(22), C.R.S. (1988) provides:
 The controller shall make uniform and equitable fiscal rules controlling the types of perquisites which may be allowed state employees in the executive branch of government, including employees in the institutions of higher education, in addition to their regular salaries. Such rules shall include the eligibility of employees to receive such perquisites, the charges to be made for such perquisites, and the method of payment of such charges to the state. . . .
Statutes upon the same subject are to be construed together and reconciled if possible. State, Department of Revenue v.Borquez, 751 P.2d 639, 643 (Colo. 1988). Consequently, §24-30-202(22) does not, in my view, give the controller authority over all perquisites to the exclusion of CCHE. Rather, the controller may authorize perquisites such as tuition free enrollment in addition to any financial assistance authorized by CCHE. See Rule 7.50, 1 CCR 101-2 (5-89).
Moreover, even if the authority of the state controller and CCHE could not be reconciled, CCHE's authority must prevail. The various colleges and universities in Colorado derive their authority to govern themselves from both constitution and statute. Colo. Const. art. VIII, § 5(1) allows the Legislature to establish institutions of higher learning, the management of which is subject to the governing boards established by law.
Article VIII, § 5(2) of the Colorado Constitution provides:
 The governing Boards of the state institutions for higher education, whether established by this constitution or by law, shall have the general supervision of their respective institutions and the exclusive control and direction of all funds of and appropriations to their respective institutions, unless otherwise provided by law.
(Emphasis added.) This language grants to the governing boards very broad powers in running their respective institutions. In construing § 5(2), the Colorado Supreme Court has noted:
 [A]ny qualification of the constitutional grant is to be construed as divesting the supervision and control granted only when a legislative enactment expressly so provides. Implied repeals are thereby intended to be guarded against.
Associated Students of University of Colorado v. Regents ofUniversity of Colorado, 189 Colo. 482, 485, 543 P.2d 59, 61
(Colo. 1975). See also Uberoi v. University ofColorado, 686 P.2d 785 (Colo. 1984). In the absence of any express language to the contrary, "the Board of Regents has exclusive control and direction of all funds of, and appropriations to the University. . . ." City of Boulder v.Regents of University of Colorado, 179 Colo. 420, 423,501 P.2d 123, 125 (1972).
In my view, the Legislature has not evidenced a clear enough intent to supercede the authority of CCHE to specify criteria for financial assistance to students. CCHE is a governing board. Section 23-1-102(2), C.R.S. (1988). Even though the controller's statute may encompass the same subject matter, it does not expressly supercede the authority of CCHE to grant financial assistance to students who are to dependents of employees. Section 24-30-202(22) does not specifically refer to students who are dependents of employees of institutions of higher education. Therefore, CCHE has authority to grant financial assistance in the form of tuition remissions to students who are dependents of higher education.[1] See Uberoi v. University ofColorado, supra, 686 P.2d at 788-89.
2. Does CCA have authority to grant in-state tuition waivers to students subject to § 23-7-103(1)(c), C.R.S. (1988) for classes taken at Lowry Air Force Base?
The State Board of Community Colleges and Occupational Education has adopted a policy which allows military personnel to take classes offered by CCA at military bases at in-state rates. Section 23-7-103(1)(c)(I), C.R.S. (1988) states that an "in-state status shall not apply to members of the armed forces of the United States who attend educational programs on military bases." The section applies to all members of the armed forces and their dependents residing in Colorado on a permanent change-of-station basis on or after August 15, 1986. In light of such clearly expressed legislative intent, CCA does not have the authority to grant in-state tuition rates for classes taken by members of the Armed Forces at Lowry Air Force Base. CCA cannot establish a policy which contravenes § 23-7-103(1)(c)(I).
SUMMARY
The governing boards of institutions of higher education have broad financial powers. These powers are subject only to the limitations expressly stated by the Legislature. There is no express prohibition against granting tuition remissions to students who are dependents of university employees.
The Legislature expressly forbade granting of in-state status to members of the armed forces of the United States who attend educational programs on military bases. Therefore, CCA may not grant such status for classes taken at Lowry Air Force Base.
Sincerely,
 DUANE WOODARD Attorney General
LEGISLATIVE BRANCH Auditor, Office of State
Section 23-40-101 to 105, C.R.S. (1988) Section 23-3.3-501, C.R.S. (1988)
Colo. Const. art. VIII § 5
The University of Northern Colorado may offer tuition grants or waivers to dependents of employees. The Community College of Aurora may not offer in-state status for courses offered at Lowry Air Base.
[1] A different analysis may be required for financial assistance to employees of institutions of higher learning. Employees in institutions of higher learning are specified in24-30-202(22).