Pam ZUBECK, and Freedom Newspapers, Inc., d/b/a Colorado Springs Gazette Telegraph, Plaintiffs–Intervenors–Appellants and Cross–Appellees,

v.

EL PASO COUNTY RETIREMENT PLAN, the El Paso County Board of Retirement of the El Paso County Retirement Plan, Sharon Shipley, Carl Hatton, Thomas Kelly, Daniel May and Marian Kercher, Defendants–Appellees and Cross–Appellants.

No. 96CA1744.

Colorado Court of Appeals, Div. IV.

June 25, 1998.

Faegre & Benson LLP, Thomas B. Kelley, Steven D. Zansberg, Denver, for Plaintiffs–Intervenors–Appellants and Cross–Appellees.

Holme Roberts & Owen LLP, Christopher Cipoletti, Brent E. Rychener, Dominic J. Ricotta, Colorado Springs, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge NEY.

Plaintiffs, Pamela Zubeck and Freedom Newspapers, Inc., appeal the district court's denial of access to documents relating to the El Paso County Retirement Plan (the Plan) under the Colorado Open Records Act (ORA), denial of access to El Paso County Board of Retirement meeting minutes under the Colorado Open Meetings Law (OML), and denial of recovery of certain attorney fees. Defendants, the Plan and the El Paso County Board of Retirement of the El Paso County Retirement Plan (the Board) cross-appeal the district court's finding that the Plan was an agency of a political subdivision, and the court's award of attorney fees to plaintiffs based on the OML. We affirm in part, reverse in part, and remand for further proceedings concerning attorney fees.

Plaintiffs formally intervened in an action brought by the Board of County Commissioners of El Paso County against the Plan as part of an investigation of investment activities entered into by the Plan's then-administrator. Plaintiffs requested access to

the Plan's investment records and meeting minutes, asserting that the Plan was an agency of El Paso County and was therefore subject to the ORA and OML. Defendants argued that the Plan was a private entity, not subject to the ORA and OML, and therefore they had no obligation to disclose any records. At a hearing on the issue, the district court held that the Plan was an agency of the County and subject to the ORA and OML.

At subsequent hearings, the district court ruled that, under the ORA, certain categories of documents were subject to disclosure, while others were not. The court also permitted the Plan to redact portions of the minutes of its previous meetings as if it had complied with the executive session exception provided by the OML.

After review of the documents and minutes by a Special Master, plaintiffs were permitted to view the documents subject to disclosure, and the non-redacted meeting minutes. The court awarded plaintiffs attorney fees solely for preparation of the OML claim, based upon its finding that the Plan had violated the OML, but did not award attorney fees for the preparation of their claim under the ORA.

## I.

Defendants primarily contend that the district court erred in finding that the Plan is a government entity subject to the OML and ORA, and not a private entity. We disagree.

■ The issues on appeal challenge the applicability of both the ORA and the OML. As to questions of statutory interpretation, we review those issues *de novo*. *Robles v. People*, 811 P.2d 804 (Colo.1991).

Our primary task is to give effect to the legislative purpose underlying the OML and the ORA, looking first to the plain language employed by the General Assembly. *East Lakewood Sanitation District v. District Court*, 842 P.2d 233 (Colo.1992).

The ORA declares that all public records, or those writings made, maintained, or kept by the state, any agency, institution, or political subdivision of the state, shall be open for inspection by any person at reasonable times. Sections 24-72-201 and 24-72-202(6)(a)(I),

C.R.S.1997. This definition encompasses an agency of a county. *See Freedom Newspapers, Inc. v. Denver & Rio Grande R.R. Co.*, 731 P.2d 740 (Colo.App.1986).

Defendants argue that, in *Dawson v. State Compensation Insurance Authority*, 811 P.2d 408 (Colo.App.1990), a division of this court limited the definition of a political subdivision for the purposes of the ORA to those entities specifically designated as such. However, since we conclude that the Plan is an agency of a county, we do not address this argument.

The policy statement of the OML instructs that the formation of public policy is public business and may not be conducted in secret. Section 24-6-401, C.R.S.1997.

Sections 24-6-402(1)(a) and 24-6-401(2)(b), C.R.S.1997, provide that all meetings of a quorum, or three or more members of any local public body, or board, committee, commission, authority, or other advisory, policy-making, rule-making, or formally constituted body of any political subdivision of the state, at which any public business is discussed or at which any formal action may be taken, are open to the public at all times.

Minutes shall be recorded and open to public inspection of any meeting of a local public·body at which the adoption of any proposed policy, position, resolution, rule, regulation, or formal action occurs or could occur. Section 24-6-402(2)(b)(II).

The El Paso County retirement system was established by resolution of the County's Board of Commissioners pursuant to enabling legislation authorizing the creation of retirement plans by counties and other public entities. *See* §24-54-101, et seq., C.R.S.1997. The enabling legislation empowers counties to establish and maintain a general plan of retirement benefits for their elected or appointed officials and employees. Section 24-54-111, C.R.S.1997.

Since its creation, the Plan has availed itself of public entity tax and health benefits, and used county purchasing accounts, facilities, and seal. Public entities that participate in the Plan contribute public money to it, and the Plan is authorized to levy a retire-

ment tax on all of the taxable property within the County to pay for the costs of the employer contributions to the Plan. The Plan budget is factored into the County budget.

■ Because of these characteristics of the Plan, we conclude that, although the Plan performs fiduciary functions and does not establish public policy, it operates as an agency or instrumentality of the County, and is thereby subject to the OML and ORA.

## II.

Plaintiffs argue that the district court erred in prohibiting them access to documents under the ORA reflecting the terms and conditions of the Plan's business transactions with private parties and erred in exempting the Plan's financial records on the basis that disclosure would do substantial injury to the public interest by creating a competitive disadvantage. We agree.

## A.

■ Specifically, we agree with plaintiffs' assertion that the district court erred in exempting under §24–72–204(3)(a)(IV), C.R.S. 1997, certain documents, including the real estate contracts and lease agreements for rental properties owned by the Plan, loan agreements between the Plan and private parties, and transactional arrangements with property managers.

The general purpose of the ORA is to assure that, by providing access to public records, the workings of government are not unduly shielded from the public eye. *International Brotherhood of Electrical Workers v. Denver Metropolitan Major League Baseball Stadium District*, 880 P.2d 160 (Colo. App.1994).

■ Although the broad, general policy of the ORA provides a presumption in favor of disclosure of public records, the ORA is qualified by several exceptions, which are to be narrowly construed. *City of Westminster v. Dogan Construction Co.*, 930 P.2d 585 (Colo. 1997). The burden of proving an exemption rests with the record custodian. *Denver Post Corp. v. University of Colorado*, 739 P.2d 874 (Colo.App.1987).

The district court held that certain of the Plan's documents were exempt from disclosure under §24–72–204(3)(a)(IV), C.R.S.1997, which permits nondisclosure of "trade secrets, privileged information, and confidential commercial, financial, geological, or geophysical data *furnished by or obtained from any person ....*" (emphasis added)

The rationale for §24–72–204(3)(a)(IV) is twofold: to encourage cooperation on the part of those people who are not required to provide information to a governmental agency, as well as to protect the rights of those who are required to provide such information. *Freedom Newspapers, Inc. v. Denver & Rio Grande Western R.R. Co., supra.*

■ Pursuant to the test established by this court in *International Brotherhood, supra*, drawn from *National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C.Cir.1974), if disclosure of financial information would be likely either to impair the government's future ability to gain necessary information or to cause substantial harm to the competitive position of the person providing the information, the financial information is considered to be confidential for purposes of the statutory exemption set out in §24–72–204(3)(a)(IV).

The purpose of the exemption is to protect information originating from a private individual or business, not information generated by the government itself. Here, most of the materials sought by plaintiffs were in the possession of the Plan itself, and were not "obtained from any person." Furthermore, we are not persuaded that disclosure of the documents would either impair the Plan's ability to gain future information, or cause substantial harm to any person providing the information, as most of the information was generated by the Plan itself. Therefore, we conclude that the documents are not exempt under §24–72–204(3)(a)(IV), and should be made available to plaintiffs.

## B.

■ We also agree with plaintiffs' contention that the district court erred in prohibiting access to the Plan's own financial statements, including the Plan's checkbook, bank

statements, account expenses, income reports, and audits, by exempting them under §24–72–204(6), C.R.S.1997.

Section 24–72–204(6) allows a court to restrict access to public records where substantial injury to the public interest would result "notwithstanding the fact that said record might otherwise be available for public inspection."

■ A plain reading of the language of the exception indicates an intent to protect public records against disclosure where harm to the public interest would result, although the records might be accessible under other provisions of the act. But, this catch-all exemption is to be used only in those extraordinary situations which the General Assembly could not have identified in advance. *Civil Service Commission v. Pinder,* 812 P.2d 645 (Colo. 1991). The custodian of the records has the burden to prove an extraordinary situation and that the information revealed would do substantial injury to the public interest. Section 24–72–204(6)(a).

Here, the Plan has not demonstrated that this is an extraordinary situation, or that substantial injury to the public would result. Public entities that participate in the Plan contribute public money to fund the Plan, and we can see no harm to the public interest in revealing how these public moneys are being spent by the Plan.

We conclude that the public should have access to the Plan's financial information to determine who received what financial benefits from given transactions, and whether the terms were honest and fair.

### III.

■ Plaintiffs also argue that the district court erred in permitting the Plan to redact its minutes before production to remove references to matters not discussed in a properly convened executive session. We agree.

The Plan rejected plaintiffs' request for minutes of its board meetings on the grounds that it was not a public entity subject to the OML. The district court found otherwise, but permitted the Plan to redact portions of its minutes containing discussions of subject matter that could have been discussed in an executive session.

As previously stated, we agree that the Plan is subject to the OML, which requires that all meetings of any local public body at which any public business is discussed be open to the public, that minutes be recorded, and that such records be made available for public inspection. *See* §24–6–402(1)(a), C.R.S.1997. A local public body subject to the OML, however, may hold an executive session to consider matters required to be kept confidential by law, as long as such session is called for by a formal vote. Section 24–6–402(4), C.R.S.1997.

Here, the district court allowed redaction of the Plan's meeting minutes based on the fiction that *if* the meetings had been held in an executive session, the minutes would have been confidential. However, the Plan did not follow statutory requirements for calling an executive session, and the meetings were not held in an executive session.

Therefore, we conclude that the district court erred in permitting the redaction of the minutes of the Plan's meetings that were not conducted in an executive session.

### IV.

Both parties appeal the district court's award of attorney fees to plaintiffs for preparation of the OML claim. Plaintiffs contend that the OML and ORA claims are inextricably entwined, and as such, they should be awarded fees for all work incurred in proving that the Plan was a government agency, as well as for subsequent issues arising under the OML claim. Defendants contend that the district court should not have awarded any attorney fees because the OML does not require an award of fees or costs where the Plan did not know and should not reasonably have known that it was subject to the OML. We agree that plaintiffs should be awarded attorney fees in preparation of their OML claim.

Under the provisions of the OML, plaintiffs are entitled to an award of attorney fees upon a finding that the governmental entity has violated any of the provisions of the law. Section 24–6–402(9), C.R.S.1997. There is no

requirement that the violation be knowing or intentional, as the Plan contends. Accordingly, the district court's finding that the Plan had violated the OML triggered entitlement to a fee award.

The district court awarded plaintiffs attorney fees of $9000, an amount arrived at by halving the overall effort expended in determining the public entity status of the Plan for both the OML and ORA claims, and then adding the time spent only on the OML claim. In determining the proper award of attorney fees under the OML, the trial court deducted half the fees earned during this period because it. deduced that they were related to the ORA claim and, as such, were unrecoverable.

Neither party disputes that before January 27, 1995, plaintiffs' legal preparation was dedicated to the threshold issue of whether defendants were a public agency subject to the OML and ORA. However, plaintiffs argue that because the two claims were indistinguishable, each requiring proof that the Plan was a governmental agency, they should recover the full fees for that time period. Additionally, plaintiffs assert that they should be compensated for attorney fees expended in relation to the OML claim after January 27, 1995.

That the OML and ORA claims both depend upon proof of public agency does not imply that the time spent proving this element can be divided evenly between the two claims. Rather, proof of the Plan's public entity status is required by each claim, independent of the other. Therefore, the same effort would have been devoted to proving the Plan's status as a public entity for the purposes of the OML claim, independent of the existence of the ORA claim.

█ Because all of the time spent prior to January 27, 1995, was devoted to proof of public entity, we conclude that plaintiffs should recover all, rather than one half, reasonable attorney fees required in that effort. We further conclude that plaintiffs should also be awarded attorney fees for the time devoted to proving the OML claim subsequent to January 27, 1995, regardless of whether the same effort involved proof of an ORA claim.

Therefore, the cause must be remanded for re-evaluation of the award of attorney fees under the OML, for award of full fees before January 27, 1995, for award of all fees incurred in pursuit of the OML claim after January 27, 1995, and for reconsideration of plaintiffs' access to documents previously withheld consistent with this opinion.

The portion of the judgment finding that the Plan is a government entity and thus subject to the Colorado Open Records Act and the Colorado Open Meetings Law is affirmed. The portion of the judgment denying plaintiffs' access to certain records is reversed. The cause is remanded for further proceedings concerning attorney fees as directed in this opinion.

RULAND and VOGT, JJ., concur.