**Pamela R. GUMINA, Plaintiff–Appellant,**

**v.**

**CITY OF STERLING, Colorado; City Council of Sterling, Colorado; James Thomas, individually and in his capacity as City Manager; J. Michael Steger, individually and in his official capacity as City Council Member and employee of the City of Sterling, Colorado, Defendants–Appellees.**

### No. 03CA1709.

Colorado Court of Appeals, Division IV.

Dec. 30, 2004.

Certiorari Denied Aug. 22, 2005.*

---

* Justice COATS would grant as to the following issues:

Whether the Court of Appeals erred by ignoring the newly-enacted statutory standard set forth in House Bill 01-1359 for access to records of executive sessions.

Whether the Court of Appeals erred by finding for the first time that a minor procedural error when calling an executive session destroys the confidential nature of the executive session.

Whether this Court should adopt a strict compliance or substantial compliance standard for executive session procedures.

Dietze and Davis, P.C., Kathleen E. Haddock, Carmen S. Danielson, Jill A. Zender, Boulder, Colorado, for Plaintiff–Appellant.

Light, Harrington & Dawes, P.C., Steven J. Dawes, Kathleen K. Harrington, Denver, Colorado, for Defendants–Appellees City of Sterling Colorado, City Council of Sterling,

Colorado, James Thomas, and J. Michael Steger.

Faegre & Benson, L.L.P, Thomas B. Kelley, Steven D. Zansberg, Christopher P. Beall, Denver, Colorado, Colorado Free Press Association and Colorado Freedom of Information Council, Amicus Curae.

Geoffrey T. Wilson, Denver, Colorado, Colorado Municipal League, Amicus Curae.

Opinion by Judge GRAHAM.

Plaintiff, Pamela R. Gumina, appeals the trial court order denying her application for an order to show cause regarding inspection of records under the Colorado Sunshine Act of 1972 and the Public Open Records Law. We reverse and remand.

When Gumina's employment as Assistant City Manager for the City of Sterling was terminated, she served a records request on the City's custodian of records to obtain the minutes from two City Council meetings during which her employment had been discussed. The City's attorney responded by sending everything requested with the exception of records from the City Council's "executive sessions." Gumina then sought the executive session records. This appeal concerns her access to those records.

The City of Sterling is a home rule municipality. Its elective city council consists of six members and the mayor. Gumina reported to the City Manager.

James Thomas was hired as City Manager on August 5, 2002 and began to consider budget cutbacks and staff reduction. Gumina asserts that on August 7, Thomas met with her to discuss her sexual harassment complaints against members of the Council.

On August 13, the Council posted a public notice of a retreat to discuss the 2003 budget. The retreat was to take place in Council Chambers on August 15 at 6 p.m. At a staff meeting on August 14, Thomas told Gumina and other department heads that they did not need to attend the meeting. Thomas said that he was going to discuss the budget and his ideas about the budget with the Council.

Gumina testified that Thomas informed her on August 14 that her services were no longer needed. Gumina then told her department staff that she would probably be discharged. Gumina testified, however, that she did not have reason to believe that she would be a topic of discussion at the meeting.

On August 15, with Thomas and all council members present, the Council announced its intent to convene an executive session as defined in § 24–6–402(4), C.R.S.2004, the Open Meetings Law of the Colorado Sunshine Act. The Council minutes indicate the Council voted unanimously to convene an executive session before any topic of discussion was announced. After the vote, Mayor Steger distributed a written form which stated:

> At this time it is the intent of the City Council to recess the public meeting currently in progress and convene an executive session which will be closed to the public. The topics for discussion in the executive session will be: The purchase, acquisition, lease, transfer, or sale of any real, personal or other property interest (except that no executive session shall be held for the purpose of concealing the fact that a member of the local public body has a personal interest in such purchase, acquisition, lease transfer, or sale); determining positions relative to matters that may be subject to negotiations; developing strategy for negotiation, and instruction to negotiators; and personnel matters. However, no adoption of any proposed policy, position, resolution, rule, regulation or formal action shall occur at any executive session.

Thereafter, the Council held the executive session with Thomas present.

Gumina testified that on August 16, Thomas informed her that the Council decided that, unlike the employment of others, her employment would not be extended to December 31, 2002. Gumina was placed on administrative leave on August 26.

On August 27, the Council held a regular meeting, and again the Council voted to go into executive session. After the vote, the Mayor announced the Council's intent to convene an executive session with the topic for discussion to be, inter alia, personnel mat-

ters. Gumina was a topic of discussion at this meeting also, but she was not provided with any advance notice of that fact.

On November 12, Gumina filed an application for an order to show cause regarding inspection of records. After a hearing, the court concluded that the "announcement of the Council's executive sessions on both August 15, 2002 and August 27, 2002 did not satisfy the requirements of the Colorado Open Meetings Law." The court specifically noted that the Council's "announcement" of the subject of "personnel matters" was inadequate. According to the court, the announcement did not provide Gumina with sufficient notice that she would be a topic of discussion and, as a result, her statutory right to request an open meeting was impaired. The court concluded that the sessions were therefore "public meetings and should have been open to the public at all times" pursuant to § 24–6–402, C.R.S.2004.

The court enjoined the Council from convening future executive sessions without complying with the statute and awarded Gumina costs and reasonable attorney fees pursuant to the statute. However, the trial court denied Gumina's application for inspection of the records from the executive sessions under the provisions of the Public Open Records Law, § 24–72–204, C.R.S.2004.

This appeal followed.

## I.

■ Gumina contends that the trial court erred by failing to grant her access to the records of the Council's executive sessions. She argues that the Council's failure to comply with the provisions of the statute for convening an executive session requires the court to open the records from those sessions to public inspection. We agree.

Applying §§ 24–6–402(2)(d.5)(II)(C) and 24–72–204(5.5), C.R.S.2004, the trial court concluded that although the Council did not satisfy the statutory requirements for convening an executive session, Gumina "failed to show grounds sufficient to support a reasonable belief that the Sterling City Council engaged in substantial discussion of any matters not enumerated in C.R.S. 24–6–402(4) or

... adopted a proposed policy, position, resolution, rule, regulation, or formal action in the executive session in contravention of C.R.S. 24–6–402(4)."

The trial court's conclusion that an executive session was not convened properly is not contested on appeal. We conclude that because the Council did not strictly comply with the requirements for convening an executive session, the two sessions were open meetings subject to the public disclosure requirements of the Open Meetings Law. *See* § 24–6–402(2)(b), C.R.S.2004; *Zubeck v. El Paso County Ret. Plan,* 961 P.2d 597, 601 (Colo.App.1998).

### A.

■ We review de novo the interpretation of the Open Meetings Law, § 24–6–401, et seq., C.R.S.2004, and the Open Records Law, § 24–72–101, et seq., C.R.S.2004. *McCall v. Meyers,* 94 P.3d 1271, 1272 (Colo.App.2004).

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Colo. Dep't of Revenue v. Woodmen of World,* 919 P.2d 806 (Colo.1996); *Jones v. Cox,* 828 P.2d 218 (Colo.1992). We look primarily to the language of a statute to determine legislative intent. *Jones, supra,* 828 P.2d at 221. In determining the meaning of a statute, we must adopt a construction that will serve the legislative purposes underlying the enactment. *Howard Elec. & Mech., Inc. v. Dep't of Revenue,* 771 P.2d 475, 479 (Colo.1989).

■■ When reviewing a specific provision of a statute, we consider the statutory scheme as a whole in an effort to give consistent, harmonious, and sensible effect to all its parts. *Bd. of County Comm'rs v. Costilla County Conservancy Dist.,* 88 P.3d 1188, 1192–93 (Colo.2004). If interrelated statutory sections are implicated, we apply the same rules of construction to further the underlying intent of the statutory provisions. *Simpson v. Bijou Irrigation Co.,* 69 P.3d 50, 59 (Colo.2003).

■ The purpose of the Open Meetings Law is generally declared in § 24–6–401 "to be a matter of statewide concern ... that the

formation of public policy is public business and may not be conducted in secret." "The intent of the Open Meetings Law is that citizens be given the opportunity to obtain information about and to participate in the legislative decision-making process." *Cole v. State,* 673 P.2d 345, 349 (Colo.1983).

The Open Meetings Law generally applies to the meetings of local public bodies and state public bodies. "Local public body" is defined as:

any board committee, commission, authority, or other advisory, policy-making, rule-making, or formally constituted body of any political subdivision of the state and any public or private entity to which a political subdivision, or an official thereof, has delegated a governmental decision-making function but does not include persons on the administrative staff of the local public body.

Section 24–6–402(1)(a), C.R.S.2004.

■ Open meetings are those which concern matters related to the policy-making function of that body. As a threshold matter, "there must be a demonstrated link between the meeting and the policy-making powers of the government entity holding or attending the meeting." *Bd. of County Comm'rs v. Costilla County Conservancy Dist., supra,* 88 P.3d at 1194.

The general mandate of the Open Meetings Law, with specific regard to meetings held by local public bodies, is found in § 24–6–402(2)(b): "All meetings of a quorum or three or more members of any local public body, whichever is fewer, at which any public business is discussed or at which any formal action may be taken are declared to be public meetings open to the public at all times." The minutes of any meeting of a local public body at which the adoption of any proposed policy, position, resolution, rule, regulation, or formal action occurs or could occur shall be taken and promptly recorded, and such records shall be open to public inspection. Section 24–6–402(2)(d)(II), C.R.S.2004.

The local public body, however, may invoke an exception to the general rule by convening an executive session. An executive session is not open to the public. Section 24–6–402(4).

To convene an executive session, the statute requires an announcement by the local public body to the public of the topic for discussion in the executive session, including specific citation to § 24–6–402(4) authorizing the body to meet in an executive session and identifying the particular matter to be discussed in as much detail as possible without compromising the purpose for which the executive session is authorized. The local public body shall obtain the affirmative vote of two-thirds of a quorum present and may only consider certain matters specified in the statute. Section 24–6–402(4).

The statute provides a list of topics that may be considered at an executive session. Section 24–6–402(4)(a)–(h), C.R.S.2004. Subsection (4)(f)(I) states that the local public body may discuss "personnel matters" unless the subject employee has requested an open meeting.

■ If an executive session is not convened properly, then the meeting and the recorded minutes are open to the public. *See Zubeck, supra,* 961 P.2d at 601 (where the local public body "did not follow statutory requirements for calling an executive session, and the meetings were not held in executive session" the district court erred by redacting the minutes of the meetings).

■ Assuming an executive session is validly convened, under § 24–6–402(2)(d.5)(II)(C), C.R.S.2004, the record of an executive session of a local public body may be open to public inspection upon application to the district court pursuant to § 24–72–204(5.5), C.R.S.2004, of the Public Open Records Law. The purpose of the Open Records Law, like the purpose of the Open Meetings Law, is to assure that, by providing access to public records, the workings of the government are not unduly shielded from the public eye. *Int'l Bhd. of Elec. Workers v. Denver Metro. Major League Baseball Stadium Dist.,* 880 P.2d 160 (Colo.App.1994).

The Open Records Law provides that a person seeking access to a record from an executive session must "show grounds sufficient to support a reasonable belief that the ... local public body engaged in substantial discussion of any matters not enumerated" in

the statute, or that the local public body adopted a policy or formal action in the executive session in contravention of the statute. Section 24–72–204(5.5)(a), C.R.S.2004. If the court finds sufficient grounds, then it shall conduct an in camera review of the record of the executive session to determine whether a violation occurred. Section 24–72–204(5.5)(b)(I), C.R.S.2004. If the court finds a violation, then the court shall open to the public only the portion of the record that reflects the substantial discussion of matters not enumerated in the statute or the adoption of a proposed policy, position, resolution, rule, regulation, or formal action in contravention of the statute. Section 24–72–204(5.5)(b)(II), C.R.S.2004.

If the court orders that the records should be open to public inspection, the official custodian of public records may then apply to the district court to restrict disclosure if such disclosure would do substantial injury to the public interest. Section 24–72–204(6)(a), C.R.S.2004. Nothing in this statutory scheme suggests that one who seeks records of an executive session may not inspect those records unless and until they show good cause to do so.

### B.

We conclude that because the Council failed strictly to comply with requirements of the statute for convening the two executive sessions, the trial court must open the records of those sessions to public inspection. *See Zubeck, supra.* We derive support for our conclusion from our reading of the statute in light of its underlying purpose.

The purpose of the Open Meetings Law is to provide public access to meetings convened by state and local public bodies where public business is discussed. The statute carries out that purpose by setting forth a general rule that all meetings where public business is discussed are open to the public. The provision allowing a local public body to convene an executive session abrogates that general rule and sets forth specific requirements that must be met for an executive session to take place. Even where an executive session is properly convened, the statute requires that the minutes be recorded and

provides a mechanism whereby a person may obtain the minutes through application to the district court under the Open Records Law. *See* §§ 24–6–402(d.5)(II)(C), 24–72–204(5.5). The statute also affords an employee who has received proper notice that she will be the subject of an executive session the opportunity to call an open meeting. *See* § 24–6–402(4)(f)(I).

Exceptions to the Open Records Law's presumption in favor of disclosure of public records are to be strictly construed. *City of Westminster v. Dogan Constr. Co.*, 930 P.2d 585 (Colo.1997). In our view, this rule applies with equal force to the executive session exception carved out in the Open Meetings Law.

Strictly construing the executive session provisions, and considering the legislative intent of the statute that favors public access to meetings of local public bodies, we conclude that if a local public body fails strictly to comply with the requirements set forth to convene an executive session, it may not avail itself of the protections afforded by the executive session exception. Therefore, if an executive session is not properly convened, it is an open meeting subject to the public disclosure requirements of the Open Meetings Law. *See* § 24–6–402(2)(b); *Zubeck, supra.*

Here, it is uncontested that the Council failed to satisfy the requirements of the statute for convening an executive session. The meetings and their recorded minutes, therefore, should have been open to the public. *See* § 24–6–402(2)(b), (d)(II).

### II.

Because we reverse the trial court's order on the grounds delineated above, it is not necessary to address Gumina's contention that the court should have reviewed the minutes of the improperly noticed meeting in camera. Because the meeting was a public meeting, there is no need to inquire about the procedure for reviewing minutes in camera.

The trial court's order barring review of the minutes of the meetings is reversed, and

the case is remanded so that Gumina may review those minutes.

Judge KAPELKE and Judge CRISWELL** concur.