Opinion by JUDGE GRAHAM
¶ 1 Plaintiff, Elesabeth R. Shook, appeals the district court's order denying access to certain public records under the Colorado Open Records Act (CORA), sections 24-72-201 to - 206, C.R.S.2014. We reverse and remand with directions.
I. Background
¶ 2 In August 2012, the Pitkin County Attorney's Office, which is responsible for enforcing the Pitkin County Land Use Code, received a citizen complaint[1] regarding a potential code violation on Shook's property. The Pitkin County Code Enforcement Officer, Carrington Brown, who is a member of the county attorney's office, investigated the complaint. After determining that Shook had not obtained a necessary construction permit, Brown issued her a notice of violation.
*160 Shook cured the violation by obtaining a permit shortly thereafter. The county attorney took no further action.
¶ 3 Several months later, Shook submitted a CORA request to the county attorney (custodian) seeking access to, among other things, records related to the violation. The custodian provided some documents in response to Shook's request, but denied access to (1) the original citizen complaint, which included the name and phone number of the complainant; and (2) Brown's handwritten notes.[2]
¶ 4 Shook subsequently filed this action seeking a declaratory judgment that the custodian violated CORA by withholding the records, an order directing the custodian to disclose the records, and attorney fees and costs. Following a hearing, the district court held that the custodian properly denied access to the records under CORA's investigatory records exception, section 24-72-204(2)(a)(I), C.R.S.2014.
II. Standard of Review
¶ 5 We review de novo questions of law concerning the construction and application of CORA. Harris v. Denver Post Corp., 123 P.3d 1166, 1170 (Colo.2005). Though the district court's factual findings are reviewed for clear error, we review its ultimate conclusion that a CORA exception applies for abuse of discretion. See Blesch v. Denver Publ'g Co., 62 P.3d 1060, 1063 (Colo.App.2002) (reviewing for abuse of discretion the district court's finding that disclosure of certain public records would cause substantial injury to the public interest).
III. Law
¶ 6 The General Assembly has declared that it is "the public policy of this state that all public records shall be open for inspection by any person at reasonable times, except ... as otherwise specifically provided by law." § 24-72-201, C.R.S.2014; See Denver Publ'g Co. v. Bd. of Cnty. Comm'rs, 121 P.3d 190, 195 (Colo.2005). To accomplish this policy it enacted CORA, which requires the custodian of public records to make them available for inspection subject to certain exceptions. Denver Publ'g Co., 121 P.3d at 195 ; see § 24-72-203(1)(a), C.R.S.2014. In light of CORA's broad legislative declaration, there is a strong presumption in favor of disclosure. Freedom Newspapers, Inc. v. Tollefson, 961 P.2d 1150, 1156 (Colo.App.1998) ; see Blesch, 62 P.3d at 1062. Exceptions to disclosure are narrowly construed and it is the record custodian's burden to prove that an exception applies. Zubeck v. El Paso Cnty. Ret. Plan, 961 P.2d 597, 600 (Colo.App.1998).
¶ 7 One such exception applies to certain investigatory records. Section 24-72-204(2) provides:
(a) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest:
(I) Any records of the investigations conducted by any sheriff, prosecuting attorney, or police department, any records of the intelligence information or security procedures of any sheriff, prosecuting attorney, or police department, or any investigatory files compiled for any other law enforcement purpose.
The final clause-"investigatory files compiled for any other law enforcement purpose"-applies only to "files compiled for criminal law enforcement purposes." Land Owners United, LLC v. Waters, 293 P.3d 86, 95 (Colo.App.2011) (cert. granted, Aug. 13, 2012).
IV. Analysis
¶ 8 As an initial matter, the parties agree that CORA applies to Shook's request.[3] Therefore, the only issues on appeal are (1) whether the district court erred when it held that CORA's exception for investigatory records authorized the custodian to deny access *161 to the records and (2) if so, whether Shook is entitled to attorney fees and costs. We address these issues in turn.
A. Investigatory Records Exception
¶ 9 As relevant here, CORA's exception for investigatory records allows a custodian to withhold records if (1) the records relate to investigations conducted by a sheriff, prosecuting attorney, or police department, or are contained in investigatory files compiled for criminal law enforcement purposes; and (2) disclosure would be contrary to the public interest. § 24-72-204(2)(a)(I) ; Land Owners United, 293 P.3d at 95. The district court found that these requirements were met and, therefore, the exception permitted the custodian to deny access to the records. We disagree.
¶ 10 The record does not support the district court's finding that the records relate to an investigation by a prosecuting attorney. There is no dispute that, in the context of the investigatory records exception, the term "prosecuting attorney" refers to an attorney who prosecutes criminal matters. See Land Owners United, 293 P.3d at 92 (noting the criminal law enforcement purpose carried out by sheriffs, prosecutors, or police departments). Nothing in the record before us suggests the county attorney investigated Shook's violation of the land use code with an eye toward future criminal prosecution.
¶ 11 The testimony at the hearing suggests the purpose of the investigation was to determine whether Shook had violated the land use code and, if so, to bring her back into compliance. The only witness who testified on behalf of the custodian was Brown, the code enforcement officer who investigated the complaint and issued the notice of violation. Brown testified that, if Shook failed to cure the violation, the next step would be to "make contact with [her] and the contractor, and make every effort to find out why it is not being cured. You know, what can we do to help you get this cured? How can we solve this problem[?]" Brown hypothesized that the county attorney had the option of pursuing criminal or civil charges if Shook failed to cure the violation, but testified that he could not recall a single criminal prosecution for a land use violation in the eight years he had been the code enforcement officer.
¶ 12 Other evidence suggests the county attorney's methods of enforcing the land use code are relegated to civil enforcement. The Pitkin County Land Use Code allows the county attorney to enforce the code by pursuing an injunction, mandamus, or other noncriminal action, but he may not bring a criminal or civil enforcement action unless he is requested to do so by the Board of County Commissioners. See Pitkin County, Colo., Land Use Code §§ 10-30-70, -80 (2006). The county attorney's website[4] reinforces his noncriminal role, stating "[t]he County Attorney does not prosecute criminal matters."
¶ 13 In determining the county attorney was a "prosecuting attorney," the district court relied on the fact that county attorneys are statutorily authorized to prosecute misdemeanor zoning violations. See § 30-28-124(1), C.R.S.2014. Be that as it may, the record evidence shows that in Pitkin County they pursue civil enforcement unless the Board of County Commissioners issues an authorization. Nothing in the record before us establishes that the county attorney was authorized to pursue a criminal prosecution. We are charged with the duty of construing *162 CORA exceptions narrowly. See Zubeck, 961 P.2d at 600. In light of this standard of review, we focus on the county attorney's actions in this case. Nothing in the record suggests the county attorney investigated Shook's violation for the purpose of a criminal prosecution. We therefore conclude the district court abused its discretion when it found that the county attorney was a "prosecuting attorney" within the meaning of the investigatory records exception. Friends of Denver Parks, Inc. v. City & Cnty. of Denver, 2013 COA 177, ¶ 38, 327 P.3d 311 (a trial court abuses its discretion when the evidence in the record does not support its findings).
¶ 14 Because there was no evidence that the county attorney investigated Shook's violation for the purpose of a criminal prosecution, the district court also abused its discretion in finding that the records were contained in investigatory files "compiled for criminal law enforcement purposes." See Land Owners United, 293 P.3d at 95.[5]
¶ 15 In sum, the district court erred in finding that the records were of investigations conducted by a prosecuting attorney and that they were investigatory files compiled for a criminal law enforcement purpose. Because neither of these requirements of the investigatory records exception is satisfied, the exception does not permit the custodian to withhold the records. We therefore reverse the district court's order without addressing whether it correctly determined that disclosure would be contrary to the public interest.
B. Attorney Fees and Costs
¶ 16 Section 24-72-204(5) requires the court to award court costs and reasonable attorney fees, including those incurred on appeal, in favor of any person who applies for and receives an order requiring a custodian to permit inspection of public records. Marks v. Koch, 284 P.3d 118, 124 (Colo.App.2011) ; Benefield v. Colo. Republican Party, 2014 CO 57, ¶ 21, 329 P.3d 262 ; Reno v. Marks, 2015 CO 33, ¶ 35, 349 P.3d 248. On remand, upon Shook's application, we direct the district court to assess and award reasonable court costs and reasonable attorney fees in favor of Shook.
V. Conclusion
¶ 17 Because the district court erred in determining that CORA's investigatory records exception permits the custodian to withhold the records, we reverse the district court's order and remand with directions to (1) order the custodian to allow Shook to inspect the records and (2) upon Shook's application, assess and award reasonable court costs and reasonable attorney fees in her favor.
JUDGE WEBB and JUDGE TERRY concur.

The complaint was recorded on a pre-printed form that includes the following admonition: "The Colorado Open Records Act states that public records such as this complaint form may be open to public inspection. Therefore, you may not wish to provide any information you consider confidential."

The custodian denied access to other records that are not relevant to this appeal.

By agreeing that the documents Shook requests are "public records" subject to CORA, the custodian implicitly concedes that they are not "criminal justice records" subject to the Criminal Justice Records Act. See § 24-72-202(6)(b)(I), C.R.S.2014.

The district court denied Shook's request to take judicial notice of the county attorney's website. However, Shook supplied a copy of the webpage (http://www.aspenpitkin.com/Departments/Attorney-Pitkin-County), dated December 3, 2014, in her reply brief and requested that we take judicial notice of its contents. The contents of a webpage on a specific date and time are not subject to reasonable dispute, see CRE 201(b), and Shook complied with the requirements of CRE 201(d). Moreover, as an official publication, the county attorney's website is self-authenticating, see CRE 902(5), and its statements setting forth the activities of the office fall within an exception to the hearsay rule, see CRE 803(8). See Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 551 (D.Md.2007) (applying federal rules). Therefore, we take judicial notice of the contents of the county attorney's website on December 3, 2014. See CRE 201(f) ("Judicial notice may be taken at any stage of the proceeding."); see also Prestige Homes, Inc. v. Legouffe, 658 P.2d 850, 852 (Colo.1983) (appellate courts, as well as trial courts, may make use of CRE 201 ).

We note that the county's voluntary production of a citizen's complaint in an unrelated violation of the land use code suggests that such complaints are not considered to be a step in a criminal investigation.